## GAINESVILLE MIDLAND RAILWAY *v.* VANDIVER.

1. In pleading a cause of action, where a domestic statute or that of the United States is relied on, it is unnecessary to incorporate in the pleadings a statement of the law upon which the cause of action is based. If it is incorporated, the reference thereto may be stricken as surplusage.

2. In an action for damages against a railroad company for personal injuries to an employee, where the petition sets forth the relation between the injured person and the railroad company, and describes the circumstances under which the injury occurs, making out a case of negligence upon the part of the defendant, but contains no allegation that the defendant was engaged in interstate commerce at the time of the injury, the petition is amendable by setting forth allegations to that effect.

3. In a case of the character mentioned in the preceding note, the amendment would relate to the time of the filing of the petition, and the action would not be barred under the statute of limitations where it was not barred at the institution of the suit.

FEBRUARY 19, 1914.

Action for damages. Before Judge Brand. Jackson superior court. January 15, 1913.

Claud C. Vandiver brought suit against the Gainesville Midland

Railway, alleging that, while in the service of the company as fireman, he was injured because of the negligence of the defendant and its servants. The nature of his injury and the negligence of the defendant were set forth in detail. At the conclusion of his petition he alleged that he brought "this action against the, defendant under statute of Georgia, approved August 16, 1909, regulating the liability of common carriers by railroad to their employees." At the appearance term, the railroad company filed a plea in abatement, averring that it was engaged in commerce between the States at the time the plaintiff was alleged to have been injured; that at the time of his alleged injury the plaintiff was an employee of the railroad company in operation of its railroad conveying interstate freights; and that the act of Congress, approved April 22, 1908, regulating the liability of common carriers by railroad to their employees, generally known as the Federal employer's liability act, was the only act in force, and the Georgia statute was superseded by the act of Congress. Upon the issue thus made by the plea in abatement, plaintiff and defendant entered into the following stipulation as to the facts: "The train, on which the plaintiff was working and firing the engine as fireman at the time of the alleged injury was pulling several solid freight-cars from other States, loaded with freight from other States, which said defendant company had removed from connecting common carriers at Athens, Ga., for delivery at points in Georgia on the line of the defendant's railroad; and that said connecting carriers had brought said cars of freight in from other States, and delivered same to the defendant company, the said defendant company having no line of its own extending out of the State of Georgia, but had physical connection with the Seaboard Air-Line and the Central of Georgia, which lines do extend out of the State of Georgia into other adjacent States." Upon this stipulation being made, the plaintiff amended his petition by striking therefrom all reference to its being brought under the Georgia statute. An objection to the amendment was overruled, and it was allowed. The plaintiff further amended by alleging that in the operation of the locomotive and cars which injured the plaintiff the defendant was a common carrier engaged in interstate commerce, and at the time was operating a train of cars containing merchandise bound from points without the State of Georgia and originating in other States, and bound from points in

the State of Georgia destined to points in other States. The amendment was allowed over objection. A demurrer to the petition as amended was filed and overruled. The court, to whom the issue formed by plea in abatement was submitted without the intervention of a jury, then entered up a judgment sustaining the plea in so far as the petition sought to recover under the Georgia statute; but inasmuch as the plaintiff had amended his declaration, so as to proceed under the act of Congress, the plea in abatement, as to the cause of action set forth therein, was overruled. The plaintiff in error complains of the ruling on demurrer, and the refusal to sustain the plea in abatement and dismiss the petition on the admitted facts.

*P. Cooley* and *H. H. Dean,* for plaintiff in error.

*R. R. Arnold* and *Colquitt & Conyers,* contra.

ATKINSON, J. 1. In pleading a cause of action, where a foreign statute is not relied upon, it is unnecessary, and indeed it is improper, to incorporate in the pleading a statement of the law upon which the cause of action is based. The court will apply the appropriate law to the facts as pleaded, and the reference to the law will be regarded as surplusage. Voelker *v.* Chicago, M. & St. P. Ry., 116 Fed. 867. Of course it is not error to strip a plea of immaterial matter or mere surplusage; and therefore there was no error in allowing the amendment striking from the petition the reference to its being brought under the Georgia statute.

2. Objection to the second amendment comes out of the introduction into the pleadings of the additional allegation that the defendant, at the time alleged, was engaged in interstate commerce, and that the plaintiff's injuries were received by the negligence of the defendant's servants so engaged. The amendment did not have for its object the pleading of the United States statute as a foreign law. That was unnecessary. Acts of Congress, where applicable, are domestic laws, and our courts will take judicial knowledge of them without their being pleaded or proved. It was contended that, by the allegation that the defendant was engaged in interstate commerce at the time of the plaintiff's injury, the amendment changed the cause of action as originally laid. We do not think so. The cause of action was the injury sustained by the plaintiff in the negligent operation of the specific train described in the petition. The time, the place, and the manner of the injury

were not varied.  No new person was brought into the case, and the only added fact was the character of the business in which the train was engaged.  When a suit is brought against a carrier by an employee on account of an injury sustained in the operation of its locomotive and cars, all that is necessary for the plaintiff to allege is a statement of the facts showing his relation as an employee and the circumstances under which he sustained his injury, showing negligence and a right of recovery; and on the trial of the case, if the plaintiff shows a right to recover under any law of which the court will take judicial cognizance, that law will be applied.  Mo., Kan. & Tex. Ry. *v.* Wulf, 226 U. S. 570 (33 Sup. Ct. 135, 57 L. ed. 355).  In the case cited the plaintiff expressly asserted a right of action under the laws of Kansas, without making reference to the act of Congress.  It was held, that, where the Federal employer's liability act is applicable, the State statute on the same subject is overcome by reason of the supremacy of the former; that the trial court was presumed to be cognizant of the enactment of the Federal employer's liability act, and to know that, with respect to the responsibility of interstate carriers by railroads to their employees injured in such commerce after its enactment, it had the effect of superseding the State laws on the same subject.  A recovery based upon the act of Congress, as applied to the facts of the case, was allowed to stand, notwithstanding that the plaintiff in in his pleadings based his right of recovery on the State statute.

When the proof is submitted, and it develops that the injury was committed by a carrier engaged in interstate commerce, then it becomes a question of comparison of the pleadings with the proof. If it be necessary to amend the pleading by alleging the interstate character of the carrier, it would be simply an elaboration of the old matter, and not the introduction of new matter.  On the question of amendments this court, in *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318), said that no new and distinct cause of action is added to a petition by an amendment which contains additional matter descriptive of the same wrong pleaded in the original petition, and which does not plead any other and different wrong.  See also Civil Code, § 5682.  From what has been said it is apparent that the second amendment did not introduce a new cause of action.

3.  The demurrer also raises the point that inasmuch as under

the Federal employer's liability act an action must be brought within two years of the time the injury is sustained, and the petition discloses that more than two years intervened between the time of the injury and the date of the amendment, the action is barred.    There is no occasion to apply any other than the rule that an amendment relates to the time of filing the petition which is amended.    In the case of Mo., Kan. & Tex. Ry. *v.* Wulf, supra, a similar point was before the Supreme Court of the United States. The plaintiff in that case sued as sole beneficiary under a Kansas statute authorizing her to bring suit.    At the trial an amendment was allowed to the effect that the plaintiff might sue as personal representative, on the same cause of action, under the Federal statute, instead of as sole beneficiary under the State statute; and it was held that such amendment was not equivalent to the commencement of a new action and not subject to the statute of limitations.    There was no error in overruling the demurrer on that point.        *Judgment affirmed. All the Justices concur.*