8620. Putnam v. Taylor.
</div>

Luke, J. 1. Where a widow sues for the homicide of her husband, and the defendant admits the killing and seeks to justify it by pleading the debauchery of his daughter by the deceased, but fails to set up facts or circumstances showing such an urgent and pressing danger of a new act of adultery as to make the killing absolutely necessary in order to prevent the new act, it is not error to strike the plea, on demurrer thereto by the plaintiff. *Mays* v. *State*, 88 *Ga.* 399 (14 S. E. 560); *Jackson* v. *State*, 91 *Ga.* 271 (18 S. E. 298, 44 Am. St. R. 22); *Farmer* v. *State*, 91 *Ga.* 720 (18 S. E. 987); *Perry* v. *State*, 102 *Ga.* 365 (9) (30 S. E. 903); *Channell* v. *State*, 109 *Ga.* 150 (2) (34 S. E. 353).

2. Where in such a case the defendant was permitted to plead such matter in mitigation (as to which plea no question is here presented for decision), and the daughter was sworn and examined as a witness for the defendant without being interrogated as to her illicit relations with the deceased, and the defendant testified that prior to the killing his daughter persistently denied her guilt, and that she admitted it only after the defendant had been placed in jail under a charge of murder, on account of such killing, it was not error for the court to deny to the defendant the privilege of recalling the daughter as a witness for the purpose of proving by her that the alleged illicit relations had in fact existed.

3. The plaintiff proved her case as laid in her petition. The defendant's answer and testimony demanded a finding by the jury that he had

feloniously killed the plaintiff's husband. It was therefore proper for the court to instruct the jury that the sole issue for their determination was the value of the life of the deceased, following such direction with instructions as to the method of arriving at the amount of plaintiff's recovery. Civil Code (1910), § 4424.

*Judgment affirmed. Wade, O. J., and Jenkins, J., concur.*

Action for damages; from Gordon superior court—Judge Tarver. March 3, 1917.

*G. A. Coffee, Maddox, McCamy & Shumate,* for plaintiff in error.

*M. B. Eubanks, J. G. B. Erwin, Jr., T. W. Skelly,* contra.

*Judgment affirmed. Wade, O. J., and Jenkins, J., concur.*