LUKE, J.  This case arises by reason of a protest to the report of land processioners.  The evidence authorized the verdict, and the charge of the court is not subject to the objections raised to it.  It was not error, for any reason assigned, to overrule the motion for a new trial.

    *Judgment affirmed.  Broyles, C. J., and Bloodworth J., concur.*

    DECIDED MAY 11, 1921.

Processioning; from Taylor superior court — Judge Howard. December 4, 1920.

*Jule Felton,* for plaintiff in error.  *C. W. Foy,* contra.

---

### 12209, 12210.   PHILLIPS v. GEORGIA RAILWAY & POWER CO.

BROYLES, C. J.  1. In a suit for damages against a railroad company, where, under the facts of the case, the only contested issues were the liability of the defendant and the amount of the damage inflicted by it, and a verdict in favor of the defendant was returned, a charge of the court calculated to affect the finding of the jury on the question of the amount of damages only, and not calculated to affect their finding upon the question of the defendant's liability or non-liability, will not require a new trial, whether erroneous or not.  *Edwards* v. *Block,* 73 *Ga.* 450 (3); *McBride* v. *Georgia Ry. &c. Co.,* 125 *Ga.* 515 (1) (54 S. E. 674).  Under this ruling there is no merit in the first four grounds of the amendment to the motion for a new trial.

2. It is well settled by numerous and repeated decisions of this court and of the Supreme Court that in a suit against a railroad company for injuries caused by the running of its cars, and where the plaintiff was not a passenger of the company, the defendant is liable for the exercise of ordinary care only.  In such a case the phrase, "all ordinary and reasonable care and diligence," which occurs in the Civil Code (1910), § 2780, means, in its last analysis, only "ordinary" care.

3. The instruction complained of in the 6th ground of the amendment to the motion for a new trial, when considered in the light of the facts of the case and the charge as a whole, is not erroneous for any reason assigned.

4. Under the ruling in the first paragraph above, it was not reversible error, if error at all, for the court to instruct the jury that as no evidence had been offered to sustain the plaintiff's claim for damages on account of doctor's bills, medicine, and hiring assistants, they should not find any damages therefor.  Moreover, while there was evidence as to the attendance of doctors and the hiring of assistants for housework, there was no proof whatsoever as to the value or cost thereof.

5. Under repeated rulings of this court and of the Supreme Court, a special ground of a motion for a new trial must be complete and understandable within itself, and will not be considered when in order to understand the alleged errors complained of it is necessary for the reviewing court to examine the brief of evidence or some other part of the record.  Under this ruling the 8th and 9th grounds of the amendment to the motion for a new trial cannot be considered.

6. The 10th and 11th grounds of the amendment to the motion for a new trial are too defective to raise any question for consideration by this

court. Each of these grounds complains that the court overruled the plaintiff's objections to the testimony of a certain named witness, but neither ground contains the testimony objected to, nor is it attached as an exhibit.

7. The verdict was authorized by the evidence, and it was not error to overrule the motion for a new trial.

*Judgment affirmed in both cases. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1921.

Actions for damages; from city court of Atlanta — Judge Reid. January 3, 1921.

*Hill & Adams,* for plaintiffs. *Colquitt & Conyers,* for defendant.