27072. BALES *v.* WRIGHT *et al.*

DECIDED NOVEMBER 21, 1938. REHEARING DENIED DECEMBER 10, 1938.

*T. B. Higdon, E. Harold Sheals,* for plaintiff.

*William Schley Howard, Henderson & Spence, George F. Fielding,* for defendants.

FELTON, J. This was a suit for damages by Mrs. Christine Bales against W. T. Wright and Willie McClain for the alleged negligent homicide of plaintiff's husband. The petition alleged that the deceased was struck by Wright's truck which was being driven by his servant, McClain, as he was on the point of crossing Piedmont Road; that the truck had just crossed the intersection of Piedmont Road and Piedmont Terrace, and was being driven at a rate of speed of from 60 to 65 miles per hour; that the defendant, McClain, was guilty of most reckless and wanton negligence, and of a reckless disregard of human life and safety; that he was driving on the wrong side of the street; that he was driving at a speed which was in violation of the State law regulating the speed of trucks; that he was crossing, or had just crossed, an intersection of the two streets at such a speed as constituted a violation of the State law and which showed reckless, wilful, and wanton disregard of the lives and safety of the public. The defendant demurred to the petition on the ground that it did not appear that McClain was guilty of wanton or reckless negligence or disregard of human life, and that the allegations were merely conclusions.

Upon a hearing of the demurrer it was overruled by one of the

judges of the court, who gave as his reason for overruling it that the suit was based on negligence and not on wilful conduct. This ruling on the demurrer fixed the law of the case, and was tantamount to a judgment that the petition set forth a cause of action for wilful and wanton conduct, and this is true regardless of the reason given for the ruling. The reason was not a part of the judgment. 15 C. J., 970. Moreover, the allegations are sufficient to charge wilful and wanton conduct, and it was a question for the jury whether, under the circumstances alleged, the driver manifested such a lack of care as would authorize the inference of conscious indifference. *Frye* v. *Pyron,* 51 *Ga. App.* 613 (181 S. E. 142); *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256); *Central of Georgia Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119 (3) (74 S. E. 854); *Gallery* v. *State,* 92 *Ga.* 463 (2) (17 S. E. 863); *Tift* v. *State,* 17 *Ga. App.* 663 (88 S. E. 41); *Easley* v. *State,* 49 *Ga. App.* 275 (175 S. E. 23); *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96); *Lanier* v. *Bugg,* 32 *Ga. App.* 294 (123 S. E. 145). The court submitted the case to the jury as being one for ordinary negligence, and erred in that particular and in not giving in charge to the jury the rules of law applicable to a suit for wanton and wilful conduct. We do not deem it necessary to point out these rules, as their omission was due entirely to an incorrect construction of the petition. Nor will any of the other assignments of error be passed upon for the reason above stated, and because if there was any other error it will more than likely not recur on another trial. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J. dissents.*

SUTTON, J., dissenting. I do not think that the ruling on the demurrer was tantamount to a judgment that the petition set forth a case for wilful and wanton misconduct. I think that the petition set out a cause of action based on negligence, and that the judge properly so held, and was right in submitting the case to the jury on negligence.