27004.  KANSAS CITY LIFE INSURANCE COMPANY *v.* WILLIAMS.

DECIDED DECEMBER 2, 1938.

*Alston, Foster, Moise & Sibley, Philip H. Alston, Jr.,* for plaintiff in error.

*Mundy & Mundy, Walter Matthews,* contra.

GUERRY, J.  Juanita Williams brought suit against Kansas City Life Insurance Company on a certain policy of life insurance issued by the defendant on the life of her father, George Harper Williams, in the sum of $1000.  The petition alleged that the application for the policy was taken through the company's local agent, J. H. Bullard, and was issued and transmitted to the insured on January 21, 1937; that the application contained a provision that the premium was payable on delivery of the policy; that there was attached to said insurance policy the receipt of the defendant as follows:  "This policy is issued in consideration of the stipulations, agreements, and representations made in the applica-

tion for this policy, a copy of which application is hereto attached and made a part hereof, and said policy and application constitute the entire contract between the parties hereto, and in further consideration of the payment of the first premium of $30.33, which is the premium for term insurance hereunder ending at noon on the 14th day of January, 1938. . . In witness whereof, the Kansas City Life Insurance Company has caused to be fixed the signature of its president and secretary, at Kansas City, Missouri. This the 14th day of January, 1937;" that the insured died on August 2, 1937; that the policy further provided in part as follows: "Unless the first premium has already been paid in cash, this policy shall not take effect until the first premium hereon has been paid and this policy delivered to the applicant, within thirty days from the date hereof, and unless the applicant is in good health at the time of its delivery. . . No agent has power to modify this policy, to extend the time of payment of premium, to waive any forfeiture, to bind the company by making any promise or any representation, or to deliver any policy contrary to the provisions contained in the application for this policy. These powers can be exercised only by the president, vice-president, secretary, or assistant secretary of the company, and will not be delegated." The petition does not *expressly* allege that the first premium was paid nor is there any general allegation that all the conditions of the policy have been complied with. A general demurrer was filed on the ground that the petition showed on its face that the first premium had never been paid and that such payment was a condition precedent to the policy being declared in effect. A special demurrer was also interposed to the petition because it failed to allege the payment of the premium, or if paid to whom, when, and how paid, whether in money or by check, and failed to attach any receipt showing payment of said premium. Exceptions are taken to the overruling of these demurrers.

The policy stipulated that it should not be binding until payment of the first premium during the good health of the applicant, and that no agent could alter or discharge or modify it, or extend the time of payment, or waive any conditions in the policy, and that no contract of insurance existed until the first premium was actually paid. This was a condition precedent to the binding effect of the contract. *Reese* v. *Fidelity Mutual Life Asso.*, 111 *Ga.* 482

(36 S. E. 637); *Mutual Reserve Fund Life Asso.* v. *Stephens,* 115 *Ga.* 192 (41 S. E. 679); *Clark* v. *Mutual Life Ins. Co.,* 129 *Ga.* 571 (59 S. E. 283); *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469), s. c. 23 *Ga. App.* 573 (99 S. E. 140). Defendant in error contends that the allegations above set out amounted to an allegation that the first premium had been paid because it was provided that it should be paid on delivery of the policy and the policy had been delivered, and, further, because the policy provided that it was issued "in further consideration of the payment of the first premium for term insurance hereunder." We think a general allegation that the policy was issued and delivered and that a loss had resulted thereunder and payment had been demanded and refused, were sufficient as against a general demurrer, for it is to be presumed from the facts alleged, the issuance and delivery of the policy, that the first premium had been paid. If as a matter of fact the first premium had not been paid, but the policy had been delivered to the insured by some one unauthorized so to do, who had not exacted the payment of the premium as a condition precedent, this state of facts could be set up as a matter of defense, and if sustained would defeat a recovery on the policy. The case of *Boyd* v. *Southern States Life Ins. Co.,* 20 *Ga. App.* 453 (93 S. E. 42), which states that the petition there failed to allege that the first premium had actually been paid and sustained a general demurrer for that reason, set up facts which showed that the premium had not been paid but that an agent had made an agreement that it would be paid, and is not authority contrary to what is here being held. This court has held many times that pleaded facts are to be considered in construing a petition rather than conclusions which such pleaded facts do not support. We think it may be said that the facts pleaded in this case show, as against the general demurrer, that the first premium had been paid. In other words, in making out his case the plaintiff would have carried the burden by the introduction of the policy sued on which had been delivered to the insured by the insurer, together with evidence showing the death of the insured and proper demand made upon the insurer for payment, and its refusal. In Couch's Enc. Ins. Law, § 124, it is said: "However, in the absence of some such known or obvious restriction or incompleteness, the insured's possession of a policy creates a presumption of proper delivery after performance of all conditions pre-

cedent. So, possession of the policy after the death of the insured ordinarily raises the presumption that it has been delivered and paid for, or that credit has been extended. Likewise, delivery of a life policy to the insured, together with its possession after his death by the beneficiary, are prima facie evidence that its recital of a cash payment is correct." The question of the non-payment of the premium is therefore a matter for defense, under the facts as pleaded.

While it is true that the policy was not in force except and unless the first premium had been paid during the life and good health of the insured, we do not think the special demurrer which called for an allegation as to how and to whom the premium was paid, was sustainable. The possession of the policy prima facie shows its delivery, and unless it is shown to be pertinent it becomes immaterial to specifically allege by whom it was delivered. It is not alleged that any conditions were attached to its delivery which are not embraced in the policy itself. This fact alone would, without more, create a prima facie presumption that the conditions in the policy had been complied with. If the delivery had been obtained through fraud, if the insured was not in good health at the time, or if in fact the first premium had not been paid, all of these matters are matters of defense. The law raises the prima facie presumption, from the facts alleged, of the compliance with the conditions contained in the policy. It may be that the beneficiary has no knowledge whatsoever of the details of the contract of insurance. She has only the policy obtained from the effects of the insured. If she can not furnish the information called for by the special demurrer filed by the defendant, and we should hold otherwise than we do, the petition would have to be dismissed, although as a matter of fact the premium had been paid, and this is within the knowledge of the defendant. The plaintiff has alleged facts which are sufficient to make out a prima facie case for recovery, and the court did not err in overruling the general and special demurrers. *Judgment affirmed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. I think that the petition, properly construed (most strongly against the plaintiff), shows that the first premium on the policy of insurance had not been paid; and, such payment being a condition precedent to the contract of insurance, the court erred in overruling the general demurrer to the petition.

*Life Ins. Co. of Va.* v. *Proctor*, 18 *Ga. App.* 517 (89 S. E. 1088);
*Boyd* v. *Southern States Life Ins. Co.*, 20 *Ga. App.* 453 (93 S. E.
42); *Volunteer State Life Ins. Co.* v. *McGinnis*, 29 *Ga. App.* 370
(115 S. E. 287).