WICKS *et al. v.* COMMUNITY LOAN AND INVESTMENT CORPORATION.

No. 13104.    FEBRUARY 14, 1940.

# 622

*Lowndes Calhoun,* for plaintiffs.

*George F. Fielding,* for defendant.

DUCKWORTH, Justice. ■ ■ Headnotes 1 and 2 do not require elaboration.

■ While the defendant alleged in its cross-bill that the petitioners were insolvent and that the automobile was deteriorating and depreciating in value, it was not alleged that the property was insufficient to pay the indebtedness in full or that the petitioners were allowing it to deteriorate in such a manner as to endanger the defendant's security. The cross-bill therefore failed to allege sufficient grounds for the appointment of a receiver, and the court erred in overruling the demurrer challenging the sufficiency of the cross-petition in this respect. The other grounds of demurrer are without merit.

■ Under the pleadings and evidence in this case it was error to appoint a receiver to take charge of the automobile described in the bill of sale. "Equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." Code, § 55-305. The petitioners alleged in their answer to the

cross-bill that the property described in the bill of sale was worth twice the amount of the indebtedness which it was given to secure. Whether or not the judge may have been authorized to discount the plaintiff's allegation that the automobile and furniture had not "deteriorated a bit" and were worth as much as when the bill of sale was executed, there was no evidence which would authorize the judge to find that the property had decreased in value to such an extent as to be inadequate security for the debt. As stated in *Planters Oil Mill* v. *Carter,* 140 *Ga.* 808 (79 S. E. 1120), "As a general rule, a receiver will not be appointed for mortgaged property upon the application of the mortgagees, in the absence of satisfactory proof of the inadequacy of the security and the insolvency of the mortgagor." Insolvency alone is not sufficient to authorize the appointment of a receiver in such a case. Inadequacy of security must also appear. *Dixon* v. *Tucker,* 167 *Ga.* 783 (146 S. E. 736) ; *White* v. *Malone,* 174 *Ga.* 886 (164 S. E. 672) ; *Perry* v. *First Mutual Bldg. & Loan Asso.,* 174 *Ga.* 914 (164 S. E. 804). Since such inadequacy was neither alleged nor proved, the court erred in appointing a receiver.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*