28100.   KANSAS CITY LIFE INSURANCE CO. *v.*
WILLIAMS.

DECIDED APRIL 23, 1940.   REHEARING DENIED JUNE 17, 1940.

*Alston, Foster, Moise & Sibley, Philip H. Alston Jr., Herbert J. McBride,* for plaintiff in error.

*Matthews & Howe, Edwards & Edwards, W. W. Mundy Jr.,* contra.

GUERRY, J. The undisputed facts are that the deceased made an application on January 5, 1937, for a policy of insurance on his life in the sum of $2200 payable to his daughter, Juanita Williams. On January 14, 1937, the insurance company issued a policy in the sum of one thousand dollars. The premium thereon was $30.33 annually. The company sent the policy to the beneficiary on January 21, 1937. The policy contained the stipulation: "This policy is issued in consideration . . of the payment of the first premium of $30.33, which is the premium for term insurance ending hereunder January 14, 1938." The payment of the first premium was a condition precedent to its effectiveness. The insured died in August, 1937, and, upon notice of death of the insured the company refused payment upon the alleged ground that the first premium had never been paid or the policy delivered to the insured. The policy provided that the first payment could be made to the agent, and that the policy would not take effect unless such payment is made and the policy delivered within thirty days from its date. Nothing else appearing, the possession of the policy by the insured or his beneficiary, issued and signed by its executive officers, and which contained the above-quoted statement in respect to the payment of the premium, made a prima facie case. See *Kansas City Life Insurance Co.* v. *Williams*, 59 *Ga. App.* 66 (2) (200 S. E. 329), and cit. The agent, to whom the insurance company sent the policy to be delivered, received the policy and delivered it to the beneficiary under instruction from the insured. He testified, however, that the first premium had never been paid to him by any one, nor had he ever remitted for the same to the company, and that he was entitled to seventy per cent. of the first premium paid, and was required to pay the amount due to the company (thirty per cent.) for the first premium within sixty days from its issuance, or to return to it the policy. He had tried to collect the premium from the insured, but was not successful. He had never demanded the return of the policy from the insured nor had the company demanded the return of the policy from him. In rebuttal of this testimony of the agent the plaintiff produced evidence sufficient to authorize a finding by the jury that during the month of January, 1937, the insured paid the agent the premium due on this policy. A careful reading of the evidence on this point convinces us that there was ample evidence to authorize a

finding by the jury that the first premium was paid within thirty days from the time the policy was issued, and that it was in effect at the time of the death of the insured. Whether the insured paid the agent on January 21 or not, there is evidence that the insured paid the agent the premium during the month of January, which time was within thirty days from the issuance of the policy and made the policy in force from that time. The fact that the agent never remitted this premium to the company at its home office does not prevent such fact from being a payment to the company, the agent having express authority to collect the first premium. In addition to the evidence as to payment to the agent within thirty days, it was shown that neither the company nor the agent ever demanded a return of the policy, although nearly eight months elapsed before the death of the insured, and although the agent was required to pay the company for the policy sent to him for delivery or return the policy within sixty days.

One of the assignments of error complains that when the plaintiff introduced certain letters she had written to the defendant, they contained certain hearsay and self-serving declarations, and that the court sustained objections to those parts of the letters, and that when the jury retired the letters were sent out with them over the objection of the defendant's counsel that the letters should be excluded unless something was pasted over the part to which objection had been sustained. It appears from the record, however, that when the court's attention was called to the fact that the objectionable parts of the letters had not been concealed, the court asked counsel for the defendant whether he desired to paste anything over the excluded portions of the letters or to do anything else, and counsel replied that it was the duty of the court, or the party introducing the letters, to take this precautionary measure. The court then ruled: "No effort having been made to separate the different portions of these letters or to paste over the part ruled out, the motion is overruled." It further appears that the jury was present at the time the objection to such parts of the letters was made and sustained. The fact that certain portions of a letter were subject to objection will not prevent the letter from being placed in evidence. When the court sustains an objection to such special part of the letter and offers to the objecting counsel the right to conceal such objectionable part from the jury, and he

refuses to act, it will not cause a reversal for the judge to allow the letter to be carried to the jury-room without having had something pasted over the part objected to. Counsel for the defendant is also an officer of the court; and when he makes such an objection but refuses to take advantage of the ruling made and the opportunity offered him, he may not complain that the court or opposing counsel failed to do so for him, nor will such fact entitle him to a new trial.

In addition to the amount of the face value of the policy the jury returned a verdict for attorney's fees. Complaint is made that there is no evidence of bad faith upon which a verdict for attorney's fees may be predicated. It was shown by the evidence that the company issued this policy and sent it to its agent for delivery to the insured, and that the agent was instructed not to deliver it without payment of the premium. The policy contained a provision that it was delivered in consideration of the premium being paid, and that its continuance in force was conditioned on a like payment on January 14 of each year during the life of the insured. The policy further provided that unless the first premium has been paid "this policy shall not take effect until the first premium hereon has been paid and this policy delivered to the applicant within thirty days from the date hereof." The agent had authority to collect the first premium and retain seventy per cent. thereof as his commission, and was allowed sixty days to remit to the company for the premium so collected, or to return the policy. The evidence was sufficient to show the delivery of the policy and the payment of the premium to the agent within thirty days from the date of the policy. The company, when it received notice of death of the insured in August and a request for proof-of-death forms, wrote to the beneficiary that the policy had never been in force and had not been delivered to the insured. The agent never requested the return of the policy from the insured or the beneficiary; nor is there any evidence showing that the company ever demanded from the agent either that the premium be accounted for within sixty days of the issuance or that the policy be returned to it. Its executive officers were bound to know that its agent, if he had not remitted for the premium which he was authorized to collect, had not returned the policy. It was chargeable with notice of a violation by its agent of one or the other of these two positive

instructions to its agent. Knowing it had issued a policy on January 14, and that such policy had not been returned to it, the insurance company was bound to know that its agent had either collected for such policy or had failed to return the policy. It relied on the agent's claim that he had never delivered the policy, although it could have known that this was not true by timely demanding a return of the policy, as the agent was obligated to do in case of failure of the insured to pay the first premium. If it never received from its agent the first premium, and the policy was never returned to it, it knew that it had placed it in the power of the agent to deliver the policy to the insured and collect therefor; and if this be true, the fact that the agent had not remitted to it for this first premium would not absolve the company from liability. If the first premium was paid to the agent within sixty days from the issuance of the policy, this fact was certainly known to its agent, and could have been known by the company within sixty days. Reasonable diligence on its part would have shown that its claim that the policy had never been delivered was false. When it refused payment of the policy after loss occurred, relying on contentions which were admitted on the trial to be untrue, and on the further ground that its agent had never been paid for the policy, if in fact he was paid, his bad faith in making this denial became the bad faith of the company; for he was its agent with authority to act in the premises. This case does not turn on a question of law, but on a question of fact. We can not say that the jury under such a state of facts was not authorized to find that there was bad faith on the part of the defendant. A verdict for attorney's fees was authorized.

The remaining assignments of error are without merit, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*