### FINNEY *v.* BLALOCK.

WYATT, Justice. 1. Ground seven of the motion for new trial complains of the judgment of the court below admitting into evidence, over objection, a copy of the contract sued upon, which showed an entry of recordation. The objection made by the defendant to the admission of the copy into evidence was that it was not properly witnessed to be entitled to record. No other objection was made to its admission. Defendant thus sought to exclude the entire document, including the copy of the contract itself, because the entry of recordation included

as a part of the document was ineffective. He made no attempt to exclude the recordation or to have the jury instructed to disregard the recordation. He objected to the document as a whole. When evidence is offered, part of which is admissible and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit it all. *Vincent* v. *Vincent,* 181 *Ga.* 355 (3) (182 S. E. 180); *Brookman* v. *Reynolds,* 148 *Ga.* 721 (98 S. E. 543). In the instant case, the contract sued upon was certainly admissible. Therefore it was not error to admit the whole document as against the objection made.

2. In the ninth ground of the amended motion for new trial, plaintiff in error complains of the failure of the judge in his formal charge to the jury to instruct them that the issue of constructive notice had been removed from the case. After the defendant in this case had made his closing argument, the court asked plaintiff's attorney to state plaintiff's position as to whether defendant purchased the land in question with constructive notice of plaintiff's contract. Plaintiff's attorney then stated in open court in the presence of the jury that plaintiff abandoned the issue of constructive notice and was relying solely upon proof that defendant received actual notice of the existence of the contract prior to the time he purchased the land. This statement of counsel was in answer to a direct question from the court, and was acquiesced in by the court. Under the ruling in *Glover* v. *Townsend, Crane & Co.,* 30 *Ga.* 90, a colloquy between the court and counsel may have the effect of a formal charge; and we hold that the colloquy in this case did have that effect, and that the jury were fully informed that the issue of constructive notice was abandoned. See also *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703). It follows, there is no merit in this contention.

3. Ground four of the motion for new trial contends that the judge in his charge reinjected into the case the issue of constructive notice by the use of the term, "full notice and actual knowledge," and the use of the word "notice" without qualification; and that it was error to submit that issue to the jury. We can not agree that the charge of the court taken as a whole had the effect of reinjecting into the case the issue of constructive notice. The attorney for the plaintiff had previously abandoned the issue of constructive notice in open court in the presence of the jury. The court had acquiesced in that abandonment. Thereafter, when the court in its charge used the terms, "full notice and actual knowledge" and "notice," the jury must have understood that the notice referred to was such notice as the plaintiff relied upon to recover. That is, actual notice. Whatever the word "notice" might mean as an abstract proposition, under the circumstances in this case, it could only mean actual notice, and we can not say that the jury were misled as to its meaning. There is no merit in this contention.

4. Under the rulings above made, there was no issue of constructive notice in this case, and it was, therefore, not error for the court below to fail to charge the jury the law of constructive notice.

5. The general grounds of the motion for new trial, and special grounds six and eight are not argued in this court, and are considered abandoned.

It follows, from what has been said above, the judgment of the court below denying a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 17500. SUBMITTED JUNE 12, 1951—DECIDED JULY 9, 1951.

*C. G. Battle, John J. Poole,* and *Poole, Pearce & Hall,* for plaintiff in error.

*Hamilton Douglas Jr.,* and *White, Douglas & Arnold,* contra.