18440. WHITE *et al.* v. GRIGGS *et al.*

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 10, 1954.

*Mitchell & Mitchell,* for plaintiffs in error.

*J. V. Malcolm, Jr., Francis G. Jones, Jr.,* contra.

ALMAND, Justice. Mary E. Griggs and others, alleging that they were the owners of residential property on Taliaferro Street in the City of Atlanta, brought an equitable petition against A. C. Williams to enjoin him from operating a building located on that street as an apartment house in violation of a municipal zoning ordinance. By amendment the plaintiffs alleged that, after the filing of the original petition, the defendant had executed a warranty deed conveying his property on Taliaferro Street to Susie White, which deed was alleged to be without consideration, and that Susie White had actual knowledge of the pending suit. Susie White was made a party defendant, and both defendants filed answers. The general demurrers of Susie White were overruled, and she excepted pendente lite to this ruling. On the trial of the case, the jury returned a verdict in favor of the plaintiffs, and the court entered a decree permanently enjoining the defendants from operating the building involved as an apartment house or in any manner except as a duplex dwelling house as defined by the ordinances of the City of Atlanta. The defendants' motions for new trial as amended were denied. In a joint bill of exceptions the defendants assign error on the exceptions pendente lite, and on the order denying their motions for new trial.

1. The plaintiffs in their amended petition alleged that Taliaferro Street, on which were located the homes of the plaintiffs and the building of the defendant, had been classified as a residential district by a zoning ordinance, which ordinance limited .the use of the improved property within the district to that of dwelling houses. A dwelling house was defined by the city ordinance as "a building arranged, intended or designed to be occupied by not more than two families living independently of each other and doing their own cooking upon the premises." The same ordinance defined an apartment house as being "a building arranged, instead [intended] or designed to be occupied by three

or more families living independently of each other and doing their own cooking upon the premises or by three or more individuals or groups of individuals living independently but having a common heating system and a general dining room"; and the ordinance defined a nonconforming use as one "that does not comply with the regulations of the use district in which it is situated." Said ordinance declared that in a dwelling-house district "no building shall be erected, which is arranged, intended or designed to be used" except for a dwelling house. It was alleged: that the defendant Williams made an application for and obtained from the City of Atlanta a permit to erect a building at 38 Taliaferro Street as a residence building of two apartments, designed as a duplex of ten rooms each; that since the erection of said building the defendants had never used it as a duplex building, but had used it as an apartment house, and had rented rooms therein to more than two families, contrary to the use permitted by the zoning ordinance; that such use was a continuing one, in violation of the plaintiffs' property rights, causing them to suffer damage because of decrease in the value of their several properties as residence property; and that unless the defendants are enjoined from using their building as an apartment house the plaintiffs would suffer irreparable damage.

The grounds of the demurrer of the defendant White to the petition were: (a) it set forth no cause of action; (b) it shows that the defendant White has no interest in the property and should not be made a party; (c) it fails to show that all efforts have been made to have the zoning ordinances of the City of Atlanta enforced by the officials of the city; (d) it is based on damages alleged to have been incurred by breach of a municipal ordinance, but does not show that the municipality has declared the action of the defendants to be a breach of the ordinance; (e) it fails to show what use the plaintiffs have made of their properties, or that they have complied with the zoning ordinances.

A property owner residing in that portion of a municipality where a zoning ordinance is in force restricting the use of property in the zone to residential purposes may properly apply for an injunction against the use of an existing structure within the restricted area, where such use is in violation of the zoning ordinance, without showing special damages. *Enzor* v. *Askew,* 191

*Ga.* 576 (13 S. E. 2d 374); *Snow* v. *Johnston,* 197 *Ga.* 146 (2) (28 S. E. 2d 270); *Graham* v. *Phinizy,* 204 *Ga.* 638 (2) (51 S. E. 2d 451). Under these authorities, all being full-bench decisions, the plaintiffs' petition stated a cause of action and was not subject to the demurrers interposed by the defendant White. The request of the defendants to overrule the rulings made in these decisions is denied.

2. Grounds 3 and 4 of the amended motion for new trial complain that the court erred in excluding testimony of a witness for the defendants, who lived at 66 Taliaferro Street in an apartment rented from a Mr. Thompson, as to other persons in the same zoned area renting rooms to lodgers. There was no error in excluding this evidence. The fact that someone else rented rooms to lodgers in the same use district in which the properties of the plaintiffs and the defendants were located was not relevant to the issue as to whether the defendants were operating their building as an apartment house.

3. Ground 5 of the amended motion complains that the court erred in charging the jury as follows: "In a case of this sort, if the plaintiffs are entitled to recover and have relief by way of injunction for alleged violation of a zoning ordinance, it is not necessary to show in addition to the ownership and violation that he or she will sustain financial loss by the prohibited use." "In order to be entitled to an injunction it is not necessary that the complaining parties show special damages, by which is meant actual damages, in an amount measurable in a specific or certain amount of money. In other words, it is not necessary for a party to show that he will suffer financial loss by such prohibited use. It is sufficient merely that the plaintiff show that he or she, as the case may be, has suffered annoyance or noise or traffic hazard, in addition to or beyond or increased over conditions already existing prior to the alleged violation." This instruction, taken in connection with the entire charge, was authorized by the pleadings and evidence, and was not subject to the objections assigned in this ground. See authorities cited in the first division of this opinion.

4. Grounds 1 and 2 of the amended motion are amplifications of the general grounds, and will be considered along with the latter. The undisputed evidence shows that the defendant Wil-

liams made an application to the inspector of buildings of the City of Atlanta in 1947 to erect a residence at 38 Taliaferro Street, to be used when completed as a two-family dwelling, and agreed to conform to all city ordinances regulating the use of such building and in accordance with plans submitted. These plans showed the building to consist of 2 stories, including 3 bedrooms, a dining room, a living room, a library, a music room, a kitchen, and 2 baths, on each floor. The permit was issued, and thereafter Williams erected a 2-story brick building with basement, 32 feet in width and 60 feet 8 inches in length on one side, and 62 feet 8 inches on the other, containing 20 rooms, 4 baths, and 4 toilets. The existence of the pleaded ordinances of the City of Atlanta was admitted by the defendants. The jury were authorized to find that from the time the building was erected, and while it was owned by both defendants, it had not been rented or used as a building occupied by not more than two families living independently of each other and doing their own cooking on the premises, but had been rented to many families or individuals on a monthly or weekly rental basis; that at times as many as 15 persons occupied the building; that Taliaferro Street in the immediate vicinity of the defendants' building was used solely for residential purposes; that the defendants' building, with the large number of tenants therein, had increased traffic on the street, and there was more disturbing noise in the neighborhood after the erection of that building than before; and that the occupants of the building were not boarders or lodgers, but tenants. Though there was a sharp conflict on the question of whether the use of the building had decreased the value of other properties in the neighborhood, there was evidence to justify the jury in finding that the plaintiffs' property had been damaged and was being injured by the use of the defendants' building as an apartment house. The evidence was sufficient to authorize the verdict of the jury that the plaintiffs were entitled to a permanent injunction. It was not error to deny the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*