21446. GRIFFITH *et al.* v. NEWMAN *et al.*

SUBMITTED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962—
REHEARING DENIED JANUARY 22, 1962.

536

*William P. Holley,* for plaintiffs in error.

*J. R. Cullens, George T. Bagby,* contra.

QUILLIAN, Justice. ■ The sufficiency of the petition to set forth a cause for injunctive relief to restrain the defendants from erecting a large broiler house near the plaintiffs' homes in a densely populated residential area, and upon the completion of the building from using the same in raising a great number of chickens must be decided according to the principles pro-

nounced by this court in factually similar cases. A principle applied in numerous cases is that a lawful business may, by reason of its location in a residential area, cause hurt, inconvenience, and damage to those residing in the vicinity and become a nuisance per accidens (a nuisance by reason of circumstances and surroundings), against which an injunction will be granted. *Coker v. Birge,* 9 Ga. 425, 428 (54 AD 347); *Ponder v. Quitman Ginnery,* 122 Ga. 29 (49 SE 746); *Holman v. Athens Empire Laundry Co.,* 149 Ga. 345 (100 SE 207, 6 ALR 1564); *Benton v. Pittard,* 197 Ga. 843 (31 SE2d 6, 153 ALR 968); *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 556 (37 SE2d 785); *Miller v. Coleman,* 213 Ga. 125, 128 (97 SE2d 313). However, when the petition in a case of this kind undertakes to allege a cause to enjoin a business before it is begun, more than a mere apprehension of injury to the plaintiffs or damage to their property must be made to appear. "A court of equity will only exercise the power to restrain the erection of a building and the maintenance therein after construction of a lawful business, on the ground that the operation of such business will constitute a nuisance, where it is made to appear with reasonable certainty that such operation necessarily constitutes a nuisance, the consequences of which will be irreparable in damages. *Code* § 72-204." *Powell v. Garmany,* 208 Ga. 550, 551 (1) (67 SE2d 781); *Elder v. City of Winder,* 201 Ga. 511 (1) (40 SE2d 659); *Bacon v. Walker,* 77 Ga. 336; *Barton v. Rogers,* 166 Ga. 802 (144 SE 248); *Thomoson v. Sammon,* 174 Ga. 751 (164 SE 45).

This is accomplished where the petition, not by way of mere conclusions but averments of fact, shows with reasonable certainty that the business will actually work hurt, inconvenience, and damage to the plaintiffs and will constitute a nuisance per accidens. *Carroll v. Lovett,* 213 Ga. 854, 855 (102 SE2d 704).

In the case sub judice, as in the case of *Powell v. Garmany,* 208 Ga. 550, supra, and similar cases to which reference has been made, the petition alleged the nature of the proposed business against which injunction is prayed, its proximity to the petitioners' homes, its location in a residential area, that it will attract flies and rats to the vicinity, pollute the air, create an unsanitary and unhealthy condition, increase the hazard of traffic

and devaluate the plaintiffs' property. But like the petitions in the cases cited, it fails to show the manner in which the business necessarily must be conducted in order to accomplish its purpose, and facts from which it appears with reasonable certainty that the operation of the business, in this instance the broiler house for use in the raising of large numbers of chickens, in whatever manner carried on, will work hurt, inconvenience and damage as set out in the petition.

The petition in the present case gave the size of the broiler house and its capacity to accommodate chickens, and comes near but does not quite span the chasm between showing an anticipated injury and one that was reasonably certain to be imposed upon the plaintiffs. It falls just short of alleging that the erection of the broiler house and its proposed use is a nuisance per accidens against which an injunction should be granted.

The petition, however, contained an allegation that the defendants have not secured a permit from Cobb County to construct a commercial chicken house or broiler house in accordance with the Cobb County zoning laws. That averment was sufficient as against a general demurrer to allege that the broiler house was being erected contrary to the zoning laws of Cobb County (Ga. L. 1943, pp. 902-908, as amended by Ga. L. 1949, pp. 1499-1505, Ga. L. 1953, Jan.-Feb. Sess., pp. 2788-2790 and Ga. L. 1953, Nov.-Dec. Sess., pp. 3016-3019); (*Reed v. White,* 207 Ga. 623, 63 SE2d 597; *Wicks v. Community Loan &c. Corp.,* 189 Ga. 620, 7 SE2d 385; *U. S. Fidelity &c. Co. v. Corbett,* 35 Ga. App. 606, 134 SE 336; *Bales v. Wright,* 59 Ga. App. 191, 200 SE 192; *Ragland v. Simpson,* 96 Ga. App. 405, 100 SE2d 135), which is a public law of the State and need not be set out in the pleadings. *Gainesville Midland Ry. v. Vandiver,* 141 Ga. 350 (80 SE 997); *Donaldson v. Great A. & P. Tea Co.,* 186 Ga. 870, 874 (199 SE 213, 128 ALR 456); *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324 (58 SE2d 559).

Though the plaintiffs did not allege that they lived in the same zoning district of the county, the petition showed the close proximity of the broiler house to their homes and, under the holding of *Enzor v. Askew,* 191 Ga. 576 (1) (13 SE2d 374), sufficiently set forth their right to complain of the violation of

the zoning law. It was not, in this factual situation, necessary to allege that special damage would accrue to the plaintiffs. *Snow v. Johnston,* 197 Ga. 146 (2) (28 SE2d 270); *Graham v. Phinizy,* 204 Ga. 638 (2) (51 SE2d 451); *White v. Griggs,* 210 Ga. 364, 366 (80 SE2d 163).

■ The defendants (plaintiffs in error here) insist upon the general grounds that the verdict is without evidence to support it. No proof was offered to support the allegation that the broiler house was being constructed contrary to the Cobb County zoning laws. Thus, the allegation that rendered the petition not subject to general demurrer was never proved. However, evidence was admitted without objection that supported the plaintiffs' contention that the broiler house could not be used to raise chickens in the normal and usual manner so as to be profitable to the defendants without creating obnoxious odors certain to permeate the plaintiffs' homes, cause them to be plagued by rats and flies, endanger the health of their families, and result in their property depreciating. This evidence was disputed by the defendants, but not refuted to the extent of demanding a verdict in their favor. It did no more than make an issue of fact for the jury. Had the petition been subject to general demurrer and the demurrer erroneously overruled, all subsequent proceedings would have been nugatory and the petition could not have been thereafter amended. The plaintiffs' evidence that made out a case for them was subject to the objection that it was not authorized by the pleadings; but since no objection was offered, the familiar rule well stated in *Mathis v. Holcomb,* 215 Ga. 488, 490 (111 SE2d 50), must be applied. "Where evidence is admitted without objection, although it could have been rejected as not conforming to the allegations as laid, if it relates to the cause of action declared on it will be sufficient to uphold a verdict. In such cases our courts have repeatedly held that a party waives his objections to the pleadings by allowing such evidence to go to the jury without objection; the reason for this just rule in such a case evidently being that, had objection been made, the party tendering such evidence might have amended his pleadings so as to conform thereto. One of the principal functions of amendments is to conserve this right." (Headnote 2).

There was sufficient evidence to support the verdict, and the trial judge did not err in overruling the general grounds of the motion for new trial.

■ Ground 1 of the amended motion for new trial complains that the trial judge erred in refusing to give in charge to the jury a requested instruction. While this court holds that a requested charge must be given in the language in which the request is submitted (*Randall v. State,* 210 Ga. 435 (1), 80 SE2d 695; *Vaughan v. Vaughan,* 212 Ga. 485 (1), 93 SE2d 743), the assignment of error here is that "the request was not covered by the general charge." An examination of the general charge disclosed that the request was covered by the instructions given the jury and in substantially the language requested.

■ Grounds 2 and 3 of the amended motion for new trial complain of charges given the jury that were correct and precisely adjusted to the issues in the case. The grounds are without merit.

*Judgment affirmed. All the Justices concur.*