39274. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. ROGERS.
39275. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. COOPER.

Decided April 4, 1962—Rehearing denied April 20, 1962.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr.,* for plaintiff in error.

*Earl Waller, Allyn M. Wallace,* contra.

HALL, Judge. ■ In special ground 1, the defendant complains of the admission in evidence of the petition upon which the plaintiff obtained default judgment against the insured, on the grounds that "the petitions and contents thereof" were prejudicial to him and not pertinent to the issues in the present case—the defendant's liability for the judgment under its insurance contract. The plaintiff's petition in the present case contains allegations that he filed suit against the insured on a certain date and obtained judgment by default on a certain date; and that plaintiff had notified the defendant of the pending suit against the insured, which the defendant did not defend. By its answer in the present suit, the defendant denied and required strict proof of these allegations. The record shows that the plaintiff offered at the trial to stipulate when the petition was served by the sheriff on the insured, in lieu of introducing the pleadings, and the defendant did not agree to this. Under these circumstances we think, even though the judgment against the insured was in evidence, that the trial court did not err in admitting the petition, including the sheriff's return of service, as proof of when the petition was served and on the question of notice to the defendant. When a document is offered in evidence, "part of which is admissible and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit it all." *Finney v. Blalock,* 208 Ga. 218 (65 SE2d 920); *City of Atlanta v. Feeney,* 42 Ga. App. 135, 136 (155 SE 370); *Kansas City Life Ins. Co. v. Williams,* 62 Ga. App. 707 (9 SE2d 680); *American Cotton College v. Atlanta Newspaper Union,* 138 Ga. 147, 148 (74 SE 1084).

The decision in *Lewis v. Lewis,* 210 Ga. 330 (80 SE2d 312) affirmed the exclusion of pleadings in another case which contained no allegations that were relevant to the issues in the case on trial; but there the allegations as to filing and pendency of the former suit had been admitted by the opposing party in the case on trial. We are not inconsistent with the *Lewis* case in holding that the trial court's admission of the petition was not error.

■ In ground 2 the defendant contends that the court preju-
diced its defense by restricting its cross-examination of a wit-
ness for the plaintiff. The record shows that the court did
sustain plaintiff's objection to a question asked the witness,
as not being relevant, but that thereafter the plaintiff withdrew
his objection to the questions which the defendant stated he
wished to propound to the witness, and that the court recog-
nized that the plaintiff's objections were withdrawn. It appears
then that the defendant could have continued his cross-exami-
nation of the witness had he so desired. Therefore, even if we
assume that the plaintiff's initial objection was improperly
sustained, the witness having been restored for the defendant's
proposed questioning, the defendant cannot successfully assign
error on the sustaining of the objection. See *Denson v. State,*
209 Ga. 355 (72 SE2d 725); 98 CJS 124, § 371.

The court did not err in overruling ground 2.

■ In ground 3 the defendant complains that the court
"erred in restricting defendant's cross-examination of Herman
Cooper, witness for the plaintiff, in that on cross-examination
of Cooper defendant attempted to lay the foundation to show
contradictory statements made by the witness." The defendant
cross-examined Mr. Cooper and questioned him about a state-
ment in writing, upon which Mr. Cooper identified his signature.
The court sustained an objection to admission of the statement
in evidence at that time on the ground that it was not properly
identified. Later a witness for the defendant, who had taken
and transcribed the statement from Mr. Cooper, read the state-
ment to the jury, and it was introduced in evidence without
objection. Thereafter the court denied defendant's motion to
recall Mr. Cooper.

The defendant contends that he was denied the right given
him by *Code* § 38-1803 to recall a witness for the purpose of
laying the foundation and impeaching the witness, and also of
his right to a thorough and sifting cross-examination of the
witness. The foundation that the law requires to be laid *before*
contradictory statements may be proved to impeach a witness,
is for the purpose of giving the witness "the opportunity of cor-
recting and explaining his evidence." *Estill v. Citizens &c.*

*Bank,* 153 Ga. 618, 627 (113 SE 552); *Taylor v. State,* 110 Ga. 150, 157 (35 SE 161); Greene, The Georgia Law of Evidence, 340, § 136. Here the contradictory statement was proved, whether or not the right to have a foundation laid as provided by statute was fully accorded the witness. The absence of foundation could not have harmed the defendant, as the introduction of evidence offered for impeachment was accomplished without objection. This distinguishes the present case from *Harden v. Central of Ga. R. Co.,* 21 Ga. App. 218 (94 SE 263), cited by defendant. "When the witness of one party has been examined, by both sides, and has left the stand, the other party has no right to recall him that he may cross-examine him upon a fact stated." *Gavan v. Ellsworth,* 45 Ga. 283. "The question of allowing a witness to be recalled to the stand for further examination at the instance of either party is always one within the discretion of the presiding judge, which this court will never control unless manifestly abused." *Dixon v. State,* 116 Ga. 186 (5) (42 SE 357). "No exercise of this discretion, unless palpably unfair and prejudicial to the complaining party, will ever be declared by this court to be reversible error." *Maddox v. City of Eatonton,* 8 Ga. App. 817 (70 SE 214).

The court's ruling, refusing to recall the witness, did not have the effect of unduly abridging defendant's right to subject the witness to a thorough and sifting cross-examination. *Gavan v. Ellsworth,* 45 Ga. 283, supra; *Putnam v. Taylor,* 21 Ga. App. 537 (94 SE 862).

The court did not err in overruling ground 3.

■ In grounds 4, 5 and 6 the defendant complains of certain portions of the charge of the court which concerned the plaintiff's right to recover in an action against the insurer after obtaining judgment against the insured, provided all of the other terms of the policy are complied with; and instructed that a judgment against the insured, as to the issues which are litigated therein, is binding on the insurer when it has had timely notice of the action. The defendant contends that these instructions amounted to instructions that the plaintiff was entitled to a verdict against the defendant, and had the effect of eliminating from the jury's consideration the defenses claimed

by defendant against liability for the judgment. We do not think these instructions had this harmful effect, especially when considered with the rest of the charge. The court instructed the jury that the question they were to determine was whether the plaintiff was entitled to recover against the insurer; gave specific instructions relating to facts constituting defenses and issues concerning the automobile described in the policy, and the automobile being driven at the time of the collision which resulted in the judgment; and instructed that the courts cannot extend or enlarge the contract of insurance but must carry out its true intent. These grounds do not show error, and the court did not err in overruling them.

■ Ground 7 complains that the court refused to charge a written request. The defendant's assignment of error contends that the charge as requested "would have materially aided the jury and was not covered by the court in any other portion of its charge"; and that, in declining to give the charge, the court effectively removed one of its defenses from the consideration of the jury. The substance of the charge requested was, in fact, covered elsewhere in the charge.

Generally it is not necessary that the court "should, on requests to charge, repeat and reiterate in different forms or modes of expression what has been already sufficiently given." *Slaughter v. Heath,* 127 Ga. 747 (57 SE 69, 27 LRA (NS) 1). While the Supreme Court has held "that a requested charge must be given in the language in which the request is submitted," an assignment of error on the ground that "the request was not covered by the general charge" is without merit when the request is covered by instructions in substantially the language requested. *Griffith v. Newman,* 217 Ga. 533, 540 (123 SE2d 723). When there is no assignment of error complaining that the request was not given in the exact language of the request, and the request is substantially covered by the charge given by the court, no reversible error is shown. *Dillard v. Jackson's Atlanta Ready Mix Concrete Co., Inc.,* 105 Ga. App. 607. In the present case, assuming that the requested charge was legally correct, the trial court did not err in overruling special ground 7 of the motion for new trial, complaining that the request was not covered by the court's charge.

■ The court did not err in overruling ground 8, which complains that the court failed to instruct the jury on the only issue to be decided—whether or not the contract insuring a 1954 Ford automobile extended coverage to the 1949 Pontiac involved in the collision out of which judgments against the insured arose. Several paragraphs of the court's charge dealt with this issue.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*