40291. DELTA CORPORATION v. KNIGHT et al.

4

DECIDED JANUARY 24, 1964.

*Nelson & Nelson, Carl K. Nelson, Jr.,* for plaintiff in error.
*Jones & Douglas, Paul J. Jones, Jr.,* contra.

BELL, Presiding Judge. ■ Special grounds 1, 2, 3, 5 and 11 complain that the trial judge erred in charging the jury to find that the plaintiff was either entitled to recover the full amount of $5,455.88 or nothing at all. This question is governed by the general rule that where the only contested issues were the liability of the defendant and the amount of damages inflicted by it, and a verdict in favor of the defendant was returned, the charge of the court calculated to affect the finding of the jury on the question of the amount of damages only, and not calculated to affect their finding upon the question of the defendant's liability or nonliability, will not require a new trial whether erroneous or not. *Conant v. Jones,* 120 Ga. 568, 574 (12) (48 SE 234); *McBride v. Ga. R. & Elec. Co.,* 125 Ga. 515, 517 (1) (54 SE 674); *Phillips v. Ga. R. & Power Co.,* 27 Ga. App. 21 (107 SE 357); *Thompson v. Powell,* 60 Ga. App. 796, 806 (5 SE2d 260); *Carstarphen v. Central of Ga. R. Co.,* 8 Ga. App. 162 (68 SE 848); *Cohen Bros. v. Krumbein,* 28 Ga. App. 788, 789 (3) (113 SE 58); *Daughtry v. Ga. Power Co.,* 61 Ga. App. 505, 513 (9) (6 SE2d 454). As applied to count 1 of the petition which alleges an express contract, the trial court did not err in overruling special grounds 1, 2, 3, 5, and 11 of plaintiff's amended motion for new trial.

■ Special ground 4 is incomplete.

■ Special ground 8 asserts as error the refusal of the trial court, after written request, to charge certain principles related to implied contracts. There was no assignment of error complaining that the request was not given in the exact language of the request. Therefore, it is only incumbent on this court

to determine whether the request was sound as a matter of law, adjusted to the issues and evidence, and not substantially covered by the charge given by the court. *Griffith v. Newman*, 217 Ga. 533, 540 (123 SE2d 723); *Dillard v. Jackson's &c. Concrete Co.*, 105 Ga. App. 607 (125 SE2d 656); *State Farm &c. Ins. Co. v. Rogers*, 105 Ga. App. 778 (125 SE2d 893); *Butler v. Reville*, 107 Ga. App. 345, 347 (130 SE2d 161). The charge as requested was as follows: "Ordinarily, where one renders in behalf of another valuable services which are accepted by the latter, the law raises in favor of the former an implied promise to pay for the same, although no formal or express contract to pay has been made." This is a correct statement of law and is derived in part from the substance of *Code* § 3-107, which codified the rule in *Hudson v. Hudson,* 90 Ga. 581 (1) (16 SE 349). This is a fundamental principle in determining liability under an implied contract, the issue raised in count 2 of plaintiff's petition. We do not find that the principle was sufficiently covered by the trial judge's charge. Therefore, the trial judge erred in failing to give to the jury this requested instruction.

■ The requests to charge shown in special grounds 6 and 7 which the trial court refused to give, while largely repetitious of the requested charge in ground 8, contain additional matter on the nature of a measure of damages which is relevant in quantum meruit as raised by count 2 of the petition. There is evidence in the record, presented without objection by the witness Leathers, which would have authorized the jury to have found for the plaintiff in some amount in quantum meruit or quantum valebat or a combination of both. The judge without request should have charged on these principles, which was not done in this case.

■ The plaintiff contends in special grounds 9 and 10 that the court erred in giving the following charge: "Now there is a general rule of law that if a person receives some thing whether he has contracted for it or not and retains it, he may be liable. You will have to consider that. If there is some thing received that can be returned, some thing that's moveable, for instance a wagon, that you have there, either pay for it or return it. If it's delivered to your premises without your contracting for

it, and desiring it and wanting it, take it back or pay for it. But you can consider this, that there are instances in which improvements may be incorporated in the property to the point where it can not be returned and you may consider that. I will not say whether this is or is not true, but certainly the labor can not be returned. Whether the equipment can be returned, you will make, you may consider." We agree with plaintiff that the charge is unsound as an abstract principle of law, since the court by this language imposed on the defendant the unqualified duty to return or "take back" unordered and unwanted chattels or to pay for them. This error is compounded by the failure of the court to offer a proper explanation of the effect of chattels attached to another's realty without the owner's knowledge, authority or consent, and which because of this attaching could not be returned. *Lawson v. O'Kelley,* 81 Ga. App. 883, 886 (60 SE2d 380). See *Farrell v. Atlanta Gas-Light Co.,* 61 Ga. App. 18 (5 SE2d 607). However, these errors are favorable to the complaining party and since the errors in the charge were favorable to the complaining party, the errors as to him are harmless. *Ealy v. Tolbert,* 210 Ga. 96 (3) (78 SE2d 26); *Whitton v. Central of Ga. R. Co.,* 89 Ga. App. 304, 307 (3) (79 SE2d 331); *Payne v. Norris,* 88 Ga. App. 850, 853 (2) (78 SE2d 351); *McCall v. State,* 87 Ga. App. 185 (4) (73 SE2d 245).

■ Ground 12 complains of the failure of the court to charge, without request, that "the title of the true owner of land cannot be subjected to a lien for improvement, unless it is shown that he expressly or impliedly consented to the contract under which the improvements were made." *Jones v. E. I. Rooks & Son,* 78 Ga. App. 790, 794 (52 SE2d 580). Whether a failure to give this request could have been harmful to the plaintiff or not we do not consider for the record shows that the court charged this principle in almost this exact language, and that the slight differences in wording are immaterial. There is no merit in this special ground.

Ground 13 alleges that the judge erred in charging the jury that the defendants could not be bound by their lessee. Plaintiff complains that the charge nowhere explains that an owner

can be liable if he impliedly consented to the contract under which improvements were made. This criticism is not well taken as the court amply covered the substance of the complaint. Special ground 13 has no merit.

■ There is no merit in the general grounds of the motion for new trial. As applied to count 1 of the petition, the evidence demanded a verdict for the defendant. As adjusted to count 2, the evidence while conflicting was sufficient to support the jury's verdict for the defendant.

*Judgment affirmed as to count 1 of the petition; reversed as to count 2 for reasons stated in Divisions 3 and 4 of this opinion. Hall and Pannell, JJ., concur.*