### SIMPSON *v.* DuPONT POWDER COMPANY *et al.*

The court did not err in sustaining the demurrer to the petition.

MAY 13, 1915.

Action for damages. Before Judge Wright. Walker superior court. February 17, 1914.

Georgia May Simpson brought suit against Dupont Powder Company and Etna Powder Company, for damages from the maintenance of an alleged nuisance. The substance of the petition is as follows: Plaintiff is the owner of and resides upon lot of land number 104 in the 9th district and 4th section of Walker county. The defendants are maintaining, upon certain land adjoining and about 1100 feet from petitioner's land, five or more magazines in which are being stored "a large quantity of dynamite powder, nitroglycerine, and other high and dangerous explosives. Such explosives are liable to be exploded at any time, caused by improper handling, lightning, or other causes; in the event of which, persons who may be residing upon the property of petitioner would be subjected to the danger incident to such explosion, which renders the property of petitioner undesirable for residence property, or other uses, greatly deteriorating the value thereof." On account of the proximity of the magazines to petitioner's land about 70 acres of land are affected as above indicated, "and the same is reasonably worth in the market $35 per acre, and was worth said amount prior to the construction of said magazines and the storage therein of such explosives; and said land has been rendered practically worthless and has no market value with said dangerous erection and maintaining of magazines on the property as aforesaid."

The defendants demurred both generally and specially. The demurrer was sustained, and the plaintiff excepted.

*W. H. Payne,* for plaintiff.

*Williams & Lancaster* and *Garvin & Cantrell,* for defendants.

HILL, J. "A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance." Civil Code (1910), § 4457. A private nuisance is one limited in its injurious effect to one or a few individuals, which may injure either the person or property or both; and in either case a right of

action accrues. §§ 4454, 4456. From the section first above quoted it follows that not every hurt, inconvenience, or damage caused by one to another is a nuisance. The expression "may otherwise be lawful" shows that the act complained of, in so far as it causes "hurt, inconvenience, or damage to another" must be unlawful, that is, a violation of some right of plaintiff, to constitute a nuisance. Nuisance being an indirect tort, there is no presumption of damages from its maintenance; and the plaintiff, in order to recover in this case, must show the fact of the nuisance and consequent damages to her. The first question, therefore, for decision is, whether the storage by the powder companies of a "large quantity of dynamite powder, nitroglycerine, and other high and dangerous explosives" is a nuisance per se. "A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." 29 Cyc. 1153. See Joyce, Law of Nuisances, § 16. "By far the larger class of nuisances is that which may be termed nuisances in fact or nuisances per accidens, and consists of those acts, occupations, or structures which are not nuisances per se but may become nuisances by reason of the circumstances or the location and surroundings." 29 Cyc. 1154. By the act of 12 Geo. 3, c. 61 (29 Stat. at Large, 166), entitled "An act to regulate the making, keeping, and carriage of gunpowder, within Great Britain, and to repeal the laws heretofore made for any of those purposes," we find the manner of keeping, the amount to be stored, the place of location of magazines, and the regulation of transportation provided for, with penalties fixed for the violation of the provisions of the act. And in People v. Sands, 1 Johns. (N. Y.) 78 (3 Am. D. 296), Thompson, J., said: "The English statute and the statute of this State, regulating the manner of keeping and carrying gunpowder, are not declaratory acts, but contain new provisions and restrictions, which afford an inference that the common law stood in need of some aid to guard against the evils apprehended from the keeping of gunpowder. 4 Bl. Com. 168." See the opinion of Kent, C. J., in the same case. It would seem, therefore, that at common law the right to own, possess, keep, and store explosives (dynamite and nitroglycerine not being then known), like other articles of property, was established, and that the statutes enacted from time to time in recognition of its dangerous

characteristics, regulating its manner of use and providing penalties for the violation of their provisions, were merely directory or regulative, and not declaratory or creative of new rights. Having seen that the right to deal in explosives was recognized at common law, the next question is, is there a statute prohibiting their storage in this State? By the Civil Code (1910), § 1655, it is provided: "The several incorporated towns or cities of this State, within their corporate limits, and the ordinaries within their respective counties (out of said corporate limits) have authority to make and enforce all needful rules and regulations touching the keeping of gunpowder, so as not to endanger the lives and property of the citizens." Sections 2745 and 2746 regulate the method of its transportation. There is no statute prohibiting its use or storage. Hence, instead of being classified with houses of ill fame and blind tigers and outlawed, we find that the business of dealing in explosives has been expressly recognized as legal by the legislature of this State, by thus regulating its use and storage. The business itself being legal, it only becomes a nuisance when conducted in an illegal manner to the hurt, inconvenience, or damage of another. In the case of Windfall Mfg. Co. v. Patterson, 148 Ind. 414 (47 N. E. 2, 37 L. R. A. 381, 62 Am. St. R. 532), it was said: "A nuisance per se, as the term implies, is that which is a nuisance in itself, and which therefore can not be so conducted or maintained as to be lawfully carried on or permitted to exist. Such a nuisance is a disorderly house, or an obstruction to a highway or to a navigable stream. But a business lawful in itself can not be a nuisance per se, although, because of surrounding places or circumstances, or because of the manner in which it is conducted, it may become a nuisance. Certain kinds of business or structures, as powder houses or nitroglycerine works, are so dangerous to human life that they may be maintained only in the most remote and secluded localities. Others, as slaughter-houses and certain foul-smelling factories, are so offensive to the senses that they must be removed from the limits of cities and towns, and even from the near neighborhood of family residences. Yet there must be some proper place where every lawful business may be carried on without danger of interference on the part of those who in some slight degree may be annoyed or endangered by the nearness of the objectionable occupation." In Heeg v. Licht, 80 N. Y. 579 (36 Am. R. 654), it is

said: "The keeping or manufacturing of gunpowder or of fireworks does not necessarily constitute a nuisance per se. That depends upon the locality, the quantity, and the surrounding circumstances, and not entirely upon the degree of care used." See Dumesnil v. Dupont, 18 B. Mon. (Ky.) 800 (68 Am. D. 750); note to Henderson v. Sullivan, 16 L. R. A. (N. S.) 691, and cases cited (159 Fed. 46, 86 C. C. A. 236, 14 Ann. Cas. 590).

In the case of Bacon v. Walker, 77 Ga. 336(a), involving the erection of a jail near the residence of plaintiff, this court said: "Nothing that is lawful in its erection can be a nuisance per se." See Rounsaville v. Kohlheim, 68 Ga. 668 (45 Am. R. 505). In the case of Long v. City of Elberton, 109 Ga. 28 (34 S. E. 333, 46 L. R. A. 428, 77 Am. St. R. 363), where suit was brought against the city by an owner of adjoining property for damages for erection of a jail, it was held that the action was not maintainable. Mr. Justice Little said: "The simple erection of a necessary prison building can not, without more, so injure adjacent property as to entitle the owner to have damages for such erection. No one is so hindered in the use of his property, and so restricted as to the character of buildings he shall put upon it, as to make it necessary to consult adjacent lot owners in reference to the improvements to be made. The lot being his own property, the owner may put it to such use as he sees proper, provided the buildings and improvements made by him do not infringe the legal right of his neighbor to the similar enjoyment of his own property. A log house on a fashionable street may be built alongside of a palace, and by its erection the value of the latter may be depreciated, but that depreciation is damnum absque injuria. The owner of the lot has as much right to erect the hut as the other has to build his palace— no more, no less; but if the hut or the palace be so used as to interfere in the lawful enjoyment of his property by the other, there the damage with a right to compensation exists."

The maintenance of magazines for the storage of explosives upon one's land, being lawful, is not a nuisance per se.

The next question is, do the allegations of this petition show such facts as make the storing of the explosives a nuisance in fact? The demurrer admits only facts well pleaded. The only allegations that would tend to show that in this case the storage of the explosives is a nuisance as being unlawful in fact are, that "Such ex-

plosives are liable to be exploded at any time, caused by improper handling, lightning, or other causes; in the event of which, persons who may be residing upon the property of petitioner would be subjected to the danger incident to such explosion, which renders the property of petitioner undesirable for residence property, or other uses, greatly deteriorating the value thereof;" and that the magazines are erected within 1100 feet of plaintiff's land. The foregoing amounts to nothing more than a statement of the explosive character of the substances stored, with a conjectural conclusion of the pleader that if some one were residing upon the seventy-acre area alleged to be affected by the magazines located 1100 feet from her land, and in the zone of a probable explosion caused by "improper handling, lightning, or other causes," such an one would be subjected to danger. It is not alleged that the magazines are not properly constructed, or that the explosives are improperly stored or guarded, in violation of any rule or regulation which the ordinary of Walker county is authorized to prescribe.

It follows, therefore, that the allegations failed to make out a case of the maintenance of a nuisance which is forbidden by law; and any damage to the plaintiff's property by reason of the manner in which the defendants are conducting their business is damnum absque injuria. The petition set forth no cause of action, and the court properly sustained the demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*