CITY OF QUITMAN *v.* UNDERWOOD *et al.*

HILL, J. 1. Generally equity will not enjoin the construction of a building not in itself a nuisance, but the person erecting the building will proceed at his peril, the whole subject being for .the jury on the trial. *Mygatt* v. ·*Goetchius,* 20 *Ga.* 350; *Cunningham* v. *Rice,* 28 *Ga.* 30, 32. Where the business itself is legal, it only becomes a nuisance when conducted in an illegal manner to the hurt, inconvenience, or damage of another. *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 467 (85 S. E.. 344, L. R. A. 1915E, 430).

2. Where a municipal corporation was proceeding, under contract with a crematory company, to erect an incinerator, or crematory, for the con-

sumption of the garbage of the city, on a lot selected by it about 300 yards from the business center of the city, upon a guaranty by the crematory company that the plant, when completed, would consume the garbage without offensive odors, etc., and where the construction of the garbage plant had proceeded to within two days of completion, and an equitable petition was filed by certain citizens, with families, living within 100 yards of the crematory, to enjoin the further progress of the work, because of the offensive odors, gathering of flies, etc., which it was alleged would be caused from the hauling and dumping of the garbage, thus endangering the life and health of the citizens and depreciating the value of their property; and where on the trial before a jury there was evidence from which the jury could find that within the city there were other available vacant lots in a different and more remote section, away from the heart of the city and the residential section thereof, and that the hauling of the garbage by the residences of the petitioners would cause flies and noxious fumes and poisonous gases emanating from the garbage to pester petitioners and endanger their health and lives and depreciate the value of their property, a verdict against the defendant, enjoining the completion of the crematory, was authorized.

3. The allegations of the petition were sufficient to withstand the demurrer, and none of the rulings made upon the trial require a new trial.

*Judgment affirmed. All the Justices concur.*

No. 610.   June 12, 1918.

Injunction.   Before Judge Thomas.   Brooks superior court. August 28, 1917.

*Jule Felton* and *Bennet & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.