### THOMPSON v. TEXAS COMPANY.

HILL, J. 1. A filling-station is not per se a nuisance.

2. The allegations of the petition do not show that the filling-station which the plaintiff seeks to enjoin the defendants from erecting will be so erected or operated as to make the same a nuisance.

3. The court below did not err in sustaining the demurrer to the petition as amended. *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643), and cit.　　　　　*Judgment affirmed. All the Justices concur.*

No. 6126. MAY 16, 1928.

Petition for injunction. Before Judge Sutton. Hall superior court. June 10, 1927.

W. C. Thompson brought a petition against the Texas Company to enjoin the contemplated erection of a gasoline and oil filling and service station next to his property in the City of Gainesville, alleging that the erection and maintenance of such station will be and become a nuisance and menace to his property; that the station will be within ten feet of his property, separated by an alley; that the station will be a continuing nuisance to petitioner in the way of noise, smoke, noxious gases and odors emanating therefrom, and a continual danger of fire, and the rates of insurance on petitioner's property will be materially increased and

become well-nigh prohibitory; that if the erection and maintenance of said filling-station is allowed to continue, the plaintiff will be damaged in the sum of $2000 or other large sum. An amendment to the petition alleged other similar grounds of damage and nuisance incident to the erection of the filling-station if the erection is permitted. Plaintiff prayed that the defendant be enjoined from erecting the filling-station. Defendant filed a general and special demurrer to the petition, on the grounds: "1. That same sets forth no cause of action. 2. Said petition shows that a service and filling-station is not per se a nuisance; and such is true as a matter of fact of which the court will take cognizance; therefore the only ground of complaint of the plaintiff would be that the service and filling-station will become a nuisance through its operation, which is purely conjectural and hypothetical, and such a charge would not be ground for an injunction, but use making a nuisance could in the future be enjoined, if defendant created a nuisance. 3. Because the plaintiff sets forth what his damage would be; and it is not alleged that this defendant is insolvent and could not respond to such damages as the plaintiff might sustain." There were other grounds of special demurrer to certain paragraphs of the petition. The court sustained the demurrer and dismissed the action, and the plaintiff excepted.

*W. N. Oliver,* for plaintiff. *Slaton & Hopkins,* for defendant.