PITTARD *v.* SUMMEROUR *et al.*

No. 10743. OCTOBER 19, 1935.

*Quillian & Phillips,* for plaintiffs.
*Pemberton & W. J. Cooley,* for defendants.

HUTCHESON, Justice. H. J. Pittard, W. M. Craig, and O. H. Boles brought suit against C. A. Summerour, Louis Summerour, and John Henry Summerour, alleging that petitioners own certain tracts of land in Gwinnett County; and that a stream of water flows from the lands of defendants through the lands of petitioners, and this is the only stream flowing through said lands; that petitioners use these lands as pastures; that defendants are building a tannery on said stream, and are preparing to tan leather; that such tannery and the chemicals used in connection therewith will pollute the water and render it useless for live stock to drink, and thus will destroy the pastures; that the domestic animals in said pastures are absolutely essential to domestic life and the cultivation of petitioners' premises; that such tannery will be a

continuing nuisance which would be incapable of being measured in damages; and that petitioners are without adequate remedy at law. They pray for injunction.

The defendants deny practically all the allegations of the petition; they declare their intention to establish a permanent tanning business at the place designated, but they deny that it would interfere with, pollute, or poison the stream. They allege that the tanning business is a lawful business; that it will be constructed and operated in a manner which will not render the waters of the stream unfit for domestic purposes, and will not infringe on any rights of the lower riparian owners; that the proposed tannery will be on a small basis, consuming between twenty-five and fifty hides per week; that defendants will construct a pit into which all refuse and waste from the tannery, including the chemicals used, lime, alum, and salt, which are harmless, will be deposited; that the pit will be so screened as to catch all solid materials such as hair, etc., which will be taken out, preserved, and sold as by-products to be used as fertilizer; that nothing from the tannery will go back into the stream except the water, which will not be rendered unfit for the purposes for which it is now used; that defendants have a right to a reasonable use of the water in said stream while flowing across their land, and will not violate the right, and will not infringe on the rights of the lower riparian owners; that a tannery is not a nuisance per se, and the construction and operation of the same is not an act, occupation, or structure which is a nuisance at all times and under all circumstances, regardless of location or surroundings; and that the mere apprehension or probability that it will become a nuisance is not sufficient to cause an injunction to issue against the construction and operation of the same.

Upon the hearing numerous affidavits were offered in evidence. The judge denied an injunction, and the plaintiff excepted.

"A court of equity will only exercise the power to restrain nuisances in the course of erection in cases of necessity, where the evil sought to be remedied is not merely probable, but certain." *Harrison* v. *Brooks,* 20 *Ga.* 537; *Mygalt* v. *Goetchins,* 20 *Ga.* 350; *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178). Mere allegations of speculative or contingent injuries, with nothing to show that they will in fact happen, do not require

an injunction. *Rounsaville* v. *Kohlheim,* 68 *Ga.* 668 (45 Am. R. 505); *Bacon* v. *Walker,* 77 *Ga.* 336; *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465 (85 S. E. 344, L. R. A. 1915E, 430); *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643); *Richmond Cotton-Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (67 S. E. 1126). In the instant case the allegations and the proof tend to show only an expected or contingent damage to the water in the stream, and nothing is shown to prove that defendants will use chemicals which will pollute the stream. The court correctly refused an injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*