### RUSHING v. THIGPEN.

JENKINS, Presiding Justice. 1. A nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. *Simpson* v. *DuPont Powder Co.*, 143 *Ga.* 465, 466 (85 S. E. 344, L. R. A. 1915E, 430); *Wilson* v. *Evans Hotel Co.*, 188 *Ga.* 498, 500 (4 S. E. 2d, 155, 124 A. L. R. 373).

2. This court has several times held that garages and filling stations in a residence neighborhood do not constitute a nuisance per se. *Standard Oil Co.* v. *Kahn*, 165 *Ga.* 575 (141 S. E. 643); *City of Hawkinsville* v. *Williams*, 185 *Ga.* 396, 399 (195 S. E. 162); *Morrow* v. *Atlanta*, 162 *Ga.* 228 (2) (133 S. E. 345); and see citations in *Wilson* v. *Evans Hotel Co.*, supra.

(a) The writer of this syllabus entertained views contrary to those just expressed, as evidenced by his dissent in the *Wilson* case (188 *Ga.* 510), and in *Grubbs* v. *Wooten*, 189 *Ga.* 390, 401 (5 S. E. 2d, 874), but yields as he did in the *Wilson* case to the repeated adjudications of this court to the contrary, with respect to the preceding holding.

3. If, after the building is completed, the business should be operated in an unlawful and unreasonable manner, resulting in excessive, unreasonable, and unnecessary injury to a contiguous owner, such owner would not be without his remedy under the ruling in the *Wilson* case, above cited.

4. In accordance with the foregoing principles, the court did not err in dismissing the petition praying for an injunction against the construction of a filling station and garage in a residence neighborhood.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

No. 15375. FEBRUARY 19, 1946.

314

*J. P. Dukes,* for plaintiff.    *P. M. Anderson,* for defendant.