ELDER, trustee, *et al. v.* CITY OF WINDER *et al.*

JENKINS, Presiding Justice. 1. "Where the consequences of a nuisance about to be erected or commenced will be irreparable in damages and such consequences are not merely possible, but to a reasonable degree certain, equity may interfere to arrest a nuisance before it is completed." Code, § 72-204. Thus it is only where it is made to appear with reasonable certainty that an instrumentality in the course of construction will necessarily constitute a nuisance that a court of equity will exercise the power to restrain. *Harrison* v. *Brooks,* 20 *Ga.* 537; *Mygatt* v. *Goetchins,* 20 *Ga.* 350; *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178); *Richmond Cotton Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (67

S. E. 1126); *Thomoson* v. *Sammon*, 174 *Ga.* 751, 757 (164 S. E. 45); *Wingate* v. *Doerun*, 177 *Ga.* 373 (170 S. E. 226). Therefore, allegations of "mere speculative or contingent injuries, with nothing to show that they will in fact happen," will not support a prayer for an injunction. *Rounsaville* v. *Kohlheim*, 68 *Ga.* 668 (45 Am. R. 505); *Bacon* v. *Walker*, 77 *Ga.* 336; *Simpson* v. *DuPont Powder Co.*, 143 *Ga.* 465 (85 S. E. 344, L. R. A. 1915E, 430); *Richmond Cotton Oil Co.* v. *Castellaw*, 134 *Ga.* 472 (supra).

2. That which the law authorized to be done, if done as the law authorized it to be done, can not be a nuisance (*Bacon* v. *Walker*, 77 *Ga.* 336; *Ga. Railroad & Banking Co.* v. *Maddox*, 116 *Ga.* 64 (4), 42 S. E. 315; *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (2), 140 S. E. 763); and while an airport is not a nuisance per se, it might nevertheless become such from the manner or place of its construction or from the manner of its subsequent operation. *Thrasher* v. *Atlanta*, 178 *Ga.* 514 (2) (173 S. E. 817, 99 A. L. R. 158); *Delta Air Corp.* v. *Kersey*, 193 *Ga.* 862 (20 S. E. 2d, 245, 140 A. L. R. 1352). See *United States* v. *Causby*, (U. S.) 66 Sup. Ct. 1062.

3. Ira L. Elder and others, as Trustees of the Chaple Christian Church and Cemetery filed a petition in Barrow Superior Court to enjoin the erection of an airport by the City of Winder, acting through its Mayor, and the County of Barrow, acting through the Chairman of the Board of Commissioners of Roads and Revenue. The petition alleged: That the defendants are "planning and acting jointly to construct an airport immediately adjacent to the church and cemetery property, and that they have already embarked on their project by purchasing certain land and instituting proceedings to condemn additional land; that the plan for the airport as contemplated by the defendants calls for the construction of a landing strip running in a north-south direction and that the church and cemetery lot lie directly across the south end of the landing strip and immediately adjacent to it; that the landing strip as planned will consist of a large, graded, unnatural expanse of the earth's surface, and that it is contemplated by the defendants that airplanes will land and take off from the landing strip; that, in order for airplanes to land and take off from the landing strip, it will be necessary for them to pass over said church and cemetery at a height of less than 50 feet in order for them to safely land and take off; that this will be a constant process taking place each time an airplane lands or takes off from the landing strip." It was further alleged: That the noise caused by the operation of airplanes will be loud and harsh, and it will cause great clouds of dust, dirt, and unnatural foreign matter to flow over the cemetery and into the church; that airplanes will "inevitably" land and take off during church services, and during the course of funerals held in the cemetery; that the noise and dust above referred to will have a dangerous and deadly effect upon the health and life of the petitioners; that the passage at an altitude of less than 50 feet over the property of the church will constitute a continuing nuisance and a continuing trespass; that the property of the church will depreciate in market value as a result of the construction of the airport; and that the defendants have made no tender of any amount of damages, nor have they

offered to buy or to condemn the property, and if allowed to proceed, they will damage the property of petitioners for public purposes without just compensation, in violation of paragraph 1, section 3, article 1 of the Constitution of Georgia. A general demurrer was filed, on the ground that "the petition set forth no present, existing matter or current fact entitling the plaintiffs to relief, but that the entire petition was anticipatory of conditions which plaintiffs apprehend may occur in the future." The order of the lower court sustaining the general demurrer is assigned as error. *Held:*

(a) Since it affirmatively appears from the petition that none of the alleged injuries have actually occurred, and in view of the legal presumption that public officials will perform their duty in a lawful manner, which would mean that they would not, presumably, construct an airport in such a negligent manner as would jeopardize the health and safety of adjacent property owners, and in view of the alleged large expanse of the proposed airfield, and in the absence of any detailed information as to the contemplated construction of the runways, from which it can be made to appear to a reasonable certainty that the anticipated injuries complained of will flow as concomitant to the operation of the airport—such allegations must be treated as mere speculative and contingent conclusions of the pleader, and therefore afford no proper ground for injunctive relief. *Pittard* v. *Summerour,* 181 *Ga.* 349 (182 S. E. 20); *Washington Seminary* v. *Bass,* 192 *Ga.* 808 (16 S. E. 2d, 565); *Rushing* v. *Thigpen,* 200 *Ga.* 313 (37 S. E. 2d, 180).

4. Under the foregoing principles of law, the petition was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

No. 15548. NOVEMBER 13, 1946.

James W. Arnold and James Barrow, for plaintiffs.

Marvin D. Pierce, G. A. Johns, and Joseph D. Quillian, for defendants.