POWELL *v.* GARMANY *et al.*

ALMAND, Justice. The petition of Dorothy S. Garmany against J. C. Powell in substance stated the following case: The defendant has recently purchased certain described real estate in Chatham County, and obtained a building permit from the commissioners of said county for the purpose of erecting a dog and cat hospital, wherein he proposes to maintain houses or cages and runways for a large number of cats and dogs. The plaintiff is owner of a home located approximately 400 feet north of said property of the defendant, and her home is situated in a residential area wherein expensive residences have been built. In the maintenance of such hospital the defendant will have at all times large numbers of sick and injured dogs and cats, which will cause loud and

disagreeable noises at all hours of the night, will draw flies and fleas in large quantities, will give forth disagreeable odors, and will likely spread diseases, and which will render the plaintiff's property almost uninhabitable, and seriously interfere with the comfort, peace, and quiet of her home and family; and the presence of such hospital will greatly reduce the value of the plaintiff's home, causing her irreparable damage. The petitioner prayed that the defendant be temporarily restrained and enjoined from erecting any improvements on said property, and from using the same as a dog and cat hospital. The defendant filed a general demurrer to the petition; and subsequently a large number of individuals, alleging that they were residents and property owners in the vicinity of the defendant's proposed hospital, filed an intervention, which was allowed, in which they prayed for the same relief prayed for by the plaintiff. The defendant filed a general demurrer to this intervention. Subsequently, on interlocutory hearing, the court overruled both the general demurrers of the defendant, and after hearing evidence, granted the plaintiff's prayer for an interlocutory injunction, temporarily restraining the defendant from proceeding with any work in connection with the erection of a dog and cat hospital, or doing any other acts in preparation for the erection of any improvements thereon to be used in connection therewith. To these orders the defendant, by bill of exceptions, brings the case to this court. *Held*:

1. A court of equity will only exercise the power to restrain the erection of a building and the maintenance therein after construction of a lawful business, on the ground that the operation of such business will constitute a nuisance, where it is made to appear with reasonable certainty that such operation necessarily constitutes a nuisance, the consequences of which will be irreparable in damages. Code, § 72-204; *Elder* v. *City of Winder*, 201 *Ga.* 511 (1) (40 S. E. 2d, 659). Allegations of mere speculative or contingent injuries, with nothing to show that in fact they will happen, are insufficient to support a prayer for injunctive relief. *Rounsaville* v. *Kohlheim*, 68 *Ga.* 668 (45 Am. R. 505). Nor is a mere apprehension of injury, based on the assumption that a lawful business not then in operation will be operated in the future in an improper manner, so as to become a nuisance, sufficient to authorize equity to enjoin the erection of a building wherein such business is to be carried on. *Barton* v. *Rogers*, 166 *Ga.* 802 (3) (144 S. E. 248); *Collins* v. *Lanier*, 201 *Ga.* 527 (40 S. E. 2d, 424).

2. The operation of a dog and cat hospital is a lawful enterprise and is not a nuisance per se (*Wergin* v. *Voss*, 179 Wis. 603, 192 N. W. 51, 26 A. L. R. 933), and cannot be enjoined unless it becomes a nuisance by reason of the particular circumstances of its improper operation or improper connected acts. *Warren Co.* v. *Dickson*, 185 *Ga.* 481, 483 (2) (195 S. E. 568).

3. Since it affirmatively appears from the petition that none of the alleged injuries have occurred, the allegations that, if the defendant is permitted to maintain a dog and cat hospital at the location on which the defendant proposes to construct a building, such operation will cause disagreeable noises, tend to draw flies and fleas, give forth disagreeable odors, will breed diseases, will interfere with the plaintiff's comfort,

peace, and quiet, and greatly reduce the value of her home, and cause irreparable damage, are mere speculative and contingent conclusions of the pleader, and afford no ground for injunctive relief. *Elder* v. *City of Winder*, 201 *Ga.* 511, supra (3a).

4. The petition failing to state a cause for injunctive relief, it was error to overrule the defendant's general demurrer.

5. The petition of the intervenors prayed for no additional relief, and gives no strength to the petition. Since the petition fails to set forth a cause of action for equitable relief, the intervention must meet the same fate as the petition.

6. The court having erred in overruling the general demurrers, it was error to temporarily enjoin the defendant from proceeding with any work in connection with the erection of the proposed building and maintaining therein a dog and cat hospital.

*Judgment reversed. All the Justices concur.*

No. 17624. Argued October 8, 1951—Decided November 14, 1951— Rehearing denied November 28, 1951.

*Myrick & Myrick*, for plaintiff in error.
*Alexander & Wells* and *Ernest J. Haar*, contra.