18588.  Davis *v.* Deariso *et al.*

Hawkins, Justice.  1.  In the absence of valid zoning regulations or restrictive covenants to the contrary, the right to use one's property for lawful business purposes is to be protected by the law just as much as is the right to use one's property for residential purposes, both being lawful purposes and being rights inherent in the ownership of the property.  This court has consistently held, although in most instances by a divided bench, that a filling station in a residence neighborhood and in close proximity to residences does not constitute a nuisance per se, and that the proper operation of such filling station with its usual, natural, and necessary noises, odors, reflection of lights in adjoining residences, increased fire hazards, and consequent depreciation of the value of adjoining residential property, and the annoyances and inconveniences to adjacent residents and landowners do not make of filling stations operated in the usual and orderly way a nuisance per accidens, the construction and operation of which in a lawful manner will be enjoined by a court of equity.  *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643); *Thompson* v. *Texas Co.,* 166 *Ga.* 315 (143 S. E. 376); *Wilson* v. *Evans Hotel Co.,* 188 *Ga.* 498 (4 S. E. 2d 155, 124 A. L. R. 373); *Rushing* v. *Thigpen,* 200 *Ga.* 313 (37 S. E. 2d 180).

2.  While the petition in the instant case, brought by the owners of residences adjoining and in close proximity to the property of the defendant, to enjoin the defendant from constructing a filling station upon his property in a residential section, has been ably and painstakingly prepared and has practically exhausted the English language in describing the objectionable and annoying features of a filling-station business operated in a residential section, it contains no allegation in this respect which has not heretofore been made in some former petition before this court, seeking to enjoin the erection or operation of a filling station in a residential section; and under the rulings in the cases above cited, as applied to the allegations here, the petition failed to state a cause of action, and the trial judge erred in overruling the general demurrer thereto.

*Judgment reversed.  All the Justices concur, except Wyatt, P. J., who dissents.*

Argued May 11, 1954—Decided June 14, 1954.

*W. J. Forehand, E. L. Smith,* for plaintiff in error.

*S. B. Lippitt, P. B. Ford,* contra.