19340. STEPHENS *v.* BACON PARK COMMISSIONERS *et al.*

WYATT, Presiding Justice. The plaintiff in error filed suit against the Bacon Park Commissioners, the Mayor and Aldermen of the City of Savannah, Thomas M. Ryle, and D. B. Calder, seeking to enjoin as a nuisance the construction of a "Half-Way House" on the Municipal Golf Course. He alleged in substance that, if the "Half-Way House" was constructed, his property, including his home, would be irreparably injured in various ways. A general demurrer and certain special demurrers to the petition were duly sustained. The exception here is only to the sustaining of the general demurrer. *Held:*

1. This court has held in a number of cases that the mere apprehension of injury, based upon the assumption that a lawful business, not in operation, will be operated in an improper manner so as to become a nuisance, is not sufficient to authorize the granting of an injunction. See *Collins* v. *Lanier.* 201 *Ga.* 527 (40 S. E. 2d 424). A court of equity will only exercise the power to restrain the erection of a building and the maintenance therein after construction of a lawful business on the ground that the operation of such business will constitute a nuisance where it is made to appear with reasonable certainty that such operation necessarily constitutes a nuisance, the consequences of which will be irreparable in damages. *Elder* v. *City of Winder,* 201 *Ga.* 511 (1) (40 S. E. 2d 659). Allegations of mere speculative or contingent injury, with nothing to show in fact that it will occur, are insufficient to support a prayer for injunctive relief. *Rounsaville* v. *Kohlheim,* 68 *Ga.* 668 (45 Am. R. 505); *Barton* v. *Rogers,* 166 *Ga.* 802 (144 S. E. 248); *Powell* v. *Garmany,* 208 *Ga.* 550 (67 S. E. 2d 781). The fact that the erection of a building will impair the view from the petitioner's home is insufficient to support a prayer for injunctive relief. *Standard Oil Company* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643).

2. The cases cited and relied upon by the plaintiff in error are all distinguishable on their facts from the instant case, and all deal with the exceptions stated in the rules above set out.

3. Under the rulings above made, it was not error to sustain the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 15, 1956—DECIDED JUNE 13, 1956.

*Robert J. Duffy,* for plaintiff in error.

*Malcolm Maclean,* contra.