19943. CARROLL et al. v. LOVETT et al.

WYATT, Presiding Justice. The plaintiffs in error filed their petition in Laurens Superior Court, seeking to enjoin the defendants in error from erecting a filling station in the City of Dublin, Georgia. It was alleged that the filling station was to be erected at the intersection of six main streets and highways; that the traffic, both as to vehicles and pedestrians, was very heavy at that point; that it was near a school crossing and was a crossing at which numerous school children passed daily; that the erection of the filling station would create a very bad traffic hazard; that the station would be operated from early morning until late at night, interfering with the sleep and rest of the petitioners and others living nearby; that there is already in operation at this intersection one filling station. The trial court sustained a general demurrer and dismissed the petition. The exception here is to that judgment. *Held*:

"A nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." *Rushing* v. *Thigpin*, 200 *Ga.* 313 (1) (37 S. E. 2d 180). This court has many times held that filling stations in residential neighborhoods do not constitute a nuisance per se. *Standard Oil Co.* v. *Kahn*, 165 *Ga.* 575 (141 S. E. 643); *City of Hawkinsville* v. *Williams*, 185 *Ga.* 396 (195 S. E. 162); *Wilson* v. *Evans Hotel Co.*, 188 *Ga.* 498 (4 S. E. 2d 155); *Davis* v. *Deariso*, 210 *Ga.* 717 (82 S. E. 2d 509). The plaintiffs in error cite and rely upon many cases dealing with proceedings to enjoin the operation of a business already in operation: These cases, of course, shed no light on the question here involved, which is an attempt to enjoin the erection of a filling station. The plaintiffs in error cite and rely upon *City of Quitman* v. *Underwood*, 148 *Ga.* 152 (96 S. E. 178), dealing with a crematory; *Benton* v. *Pittard*, 197 *Ga.* 843 (31 S. E. 2d 6, 153 A.L.R. 968), dealing with a public clinic for the treatment of venereal disease; and other cases dealing with enterprises of similar nature, contending that under these cases, a filling station can be shown to be a nuisance per se by reason of its location. These cases have no application to the instant case, for the reason that in those cases it was determined that the character of the business or enterprise was such that its operation in a residential neighborhood would be a nuisance regardless of the manner in which it might be operated. This court, as it will appear from the cases above cited, held exactly the opposite insofar as a filling station is concerned. It follows, the judgment sustaining the demurrer and dismissing the petition was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1958—DECIDED FEBRUARY 7, 1958—
REHEARING DENIED MARCH 7, 1958.

*Carl K. Nelson, Nelson & Nelson,* for plaintiffs in error.
*Harold E. Ward,* contra.