21476. ISLEY v. LITTLE *et al.*

DUCKWORTH, Chief Justice. 1. A lawful business may, by reason of its location in a residential area, cause hurt, inconvenience and damage to those residing in the vicinity and become a nuisance per accidens by reason of circumstances and surroundings. *Code* § 72-101. And such nuisance may be abated in an action at law, if outside a municipal corporation (*Code* § 72-201), or if within a municipal corporation (*Code* § 72-401).

2. Such nuisance may be abated in equity if the hurt or damage is irreparable or continuing. *Code* § 72-204. While mere apprehension of injury and damage is insufficient, where it is made to appear with reasonable certainty that irreparable harm and damage will occur from the operation of an otherwise lawful business amounting to a continuing nuisance, equity will restrain the construction, maintenance or operation of such lawful business. *Elder v. City of Winder*, 201 Ga. 511 (1) (40 SE2d 659); *Mayor &c. of Athens v. Co-op Cab Co.*, 207 Ga. 505 (2) (62 SE2d 906); *Powell v. Garmany*, 208 Ga. 550, 551 (1) (67 SE2d 781); *Nottingham v. Elliott*, 209 Ga. 481 (74 SE2d 93); *Carroll v. Lovett*, 213 Ga. 854, 855 (102 SE2d 704); *Looper v. Ga. S. & F. Ry. Co.*, 213 Ga. 279, 281 (99 SE2d 101).

3. Where, as here, the petitioners allege that the "drag strip" is being constructed in an exclusively residential area, formerly zoned for residential purposes by the county governing authority before being taken into the city limits of Powder

Springs, which has no zoning regulations, and in the immediate vicinity of the homes of several of the petitioners, and the "drag strip" is described as a racing facility where teen-agers, amateur and professional drivers will race stock cars and racing vehicles for prizes and create loud and damaging noises by the roaring of motors; attain speeds of 90 to 150 miles per hour within a distance of one-fourth of a mile with the increased acceleration, crying of tires and concomitant noises arising therefrom and the necessity of also thereafter somehow stopping said vehicles, all within five-eighths of a mile, with the stopping and starting operation causing the crying from spinning and skidding tires to be heard clearly a distance of two miles; these allegations of noise together with other allegations of smells from burnt motor fuels, clouds of dust and smoke, all of which will permeate the area and the residences of the petitioners and constitute a continuing nuisance that from day to day, will continuously and irreparably damage the petitioners' health and property and prevent the full enjoyment of their properties, resulting in a multiplicity of actions if the same are not enjoined and restrained; these allegations are sufficient averments that the consequences are not merely possible, but are to a reasonable degree certain, and the petition as thus amended alleges a cause of action for which equity will grant relief in the event these allegations are proved as alleged to the satisfaction of a jury upon the trial of the case. The original petition contained sufficient allegations to allow amendments under the authority of *Code* §§ 81-1301, 81-1302, and the court did not err in overruling the original general demurrer or the renewed general demurrer after amendment.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1962—DECIDED FEBRUARY 8, 1962.

*Hicks & Howard, Claud M. Hicks, G. Robert Howard,* for plaintiff in error.

*R. M. Reed, Robert E. Flournoy, Jr., Reed, Ingram & Flournoy,* contra.