26520. CAMP et al. v. WARRINGTON et al.

UNDERCOFLER, Justice. 1. A lawful business may, by reason of its location in a residential area, cause hurt, inconvenience and damage to those residing in the vicinity and become a nuisance per accidens by reason of circumstances and surroundings. *Code* § 72-101.

2. Such nuisance may be abated in equity if the hurt or damage is irreparable or continuing. *Code* § 72-204. While mere apprehension of injury and damage is insufficient, where it is made to appear with reasonable certainty that irreparable harm and damage will occur from the operation of an otherwise lawful business amounting to a continuing nuisance, equity will restrain the construction, maintenance or operation of such lawful business. *Elder v. City of Winder,* 201 Ga. 511 (1) (40 SE2d 659); *Mayor &c. of Athens v. Co-op Cab Co.,* 207 Ga. 505 (2) (62 SE2d 906); *Powell v. Garmany,* 208 Ga. 550 (1) (67 SE2d 781); *Nottingham v. Elliott,* 209 Ga. 481 (74 SE2d 93); *Carroll v. Lovett,* 213 Ga. 854, 855 (102 SE2d 704); *Looper v. Ga. S. & F. R. Co.,* 213 Ga. 279, 281 (99 SE2d 101); *Isley v. Little,* 217 Ga. 586 (2) (124 SE2d 80); *Griffith v. Newman,* 217 Ga. 533, 538 (123 SE2d 723, 2 ALR3d 956).

3. The complainants allege that the defendants are presently clearing and grading a tract of land for a private airport outside the corporate limits of Douglasville, Georgia, and in the immediate vicinity of their residences, a church and two schools. The airport is being constructed and will operate in such a manner that airplanes making landing approaches

thereto and in departing therefrom will have a flight pattern which will pass within 50 to 100 feet over their homes, the church and schools, and that such flights will be dangerous to the lives and health of the complainants, their families and members of the general public. In the construction of said airport extensive grading is being done, wood being burned by using old tires and other substances, and great clouds of smoke and dust are permeating and polluting the air in and about their homes. When the airport commences operation, additional clouds of dust, smoke and partially burnt airplane fuels will permeate the air and will further pollute and injure complainants' environment by causing loud and physically damaging noises to their residential area and cause them great mental distress and discomfort. The construction, maintenance and operation of the airport in the residential area and the flights of airplanes in connection therewith will constitute a continuing nuisance, will cause them irreparable and constantly recurring damage, and will result in a multiplicity of actions. The construction, maintenance and operation of the airport in the residential area in which they live will deprive them of the full value, use and enjoyment of their properties and amounts to an unlawful taking of their properties without due process of law in violation of the State and Federal Constitutions. The complaint also alleges that the defendants' property has not been properly and legally zoned for the construction of an airport and that no valid permit has lawfully been issued. The defendants have been requested to cease the construction of said airport but have refused to do so. The motion of the defendants to dismiss the complaint on the basis that it failed to state a claim and that it was anticipatory of future conditions was properly overruled by the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971.

*Noland & Coney, Robert J. Noland,* for appellants.
*Custer & Smith, Laurence B. Custer,* for appellees.