## 26736. FRAZIER et al. v. CHAMBERS et al.
## 26760. CHEVRON OIL COMPANY v. FRAZIER et al.

HAWES, Justice. 1. A court of equity will only exercise its power to restrain the erection of buildings and structures to be used in the operation of a lawful business and to restrain the conduct of such business on the ground that

its operation will constitute a nuisance. Unless it is made to appear that the operation of such business will necessarily constitute a nuisance and that the consequences thereof will result in irreparable damages to the plaintiff, the mere apprehension by the plaintiff of speculative or contingent injuries with nothing to show that they will, in fact, happen are insufficient to authorize the grant of injunctive relief. The "mere apprehension of injury, based on the assumption that a lawful business not then in operation will be operated in the future in an improper manner, so as to become a nuisance," is not sufficient to authorize equity to enjoin the erection of the facilities for carrying on the same. *Powell v. Garmany*, 208 Ga. 550 (1) (67 SE2d 781). See also *Elder v. City of Winder*, 201 Ga. 511 (40 SE2d 659) and *Isley v. Little*, 217 Ga. 586 (124 SE2d 80).

2. The vending and storing of gasoline and oil and other fuels useful in the ordinary commerce and industry of this day is not an unlawful business and does not in and of itself constitute a nuisance. *Standard Oil Co. v. Kahn*, 165 Ga. 575 (141 SE 643); *Wilson v. Evans Hotel Co.*, 188 Ga. 498 (4 SE2d 155); *Cooley v. Enzor*, 190 Ga. 290 (9 SE2d 277); *Carroll v. Lovett*, 213 Ga. 854 (102 SE2d 704). While it may become a nuisance per accidens by reasons of its location and the manner of its operation, the mere proposed construction of facilities for the bulk storage of gasoline, oils and other fuels in a residential neighborhood will not, without something else, create a nuisance per accidens. Under the authorities first cited above, the trial court did not err in sustaining the motion of the defendants to dismiss the plaintiff's complaint, inasmuch as it cannot be presumed in advance of its erection and operation that the facility proposed to be erected by the defendants will be operated in an improper manner.

3. No issue is presented in this case as to the violation of any zoning ordinance of the City of Milledgeville or of Baldwin County, since, under the facts alleged in the

complaint, no ordinance prohibiting the erection of the bulk storage plant at the location proposed had been adopted at the time the complaint was filed.

*Judgment affirmed on the main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 21, 1971—
REHEARING DENIED NOVEMBER 5, 1971.

*D. D. Veal,* for Frazier.

*Dickens & Hall, G. L. Dickens, Jr.,* for Chambers and Chevron Oil Co.