### 28968. CENTRAL OF GEORGIA RAILROAD COMPANY et al. v. COLLINS et al.

HALL, Justice.

This is an appeal in a nuisance case by the Central of Georgia Railroad Company ("the railroad") and Savannah Foods & Industries, Inc. ("the sugar company"), defendants below, from a jury verdict for plaintiffs, who are homeowners alleging injury from the noise of a railroad car weighing operation, conducted since 1966 on tracks immediately behind their homes. Prior to 1966, for 50 years the weighing operation had been conducted in a secluded and unpopulated area some 800 feet farther down the tracks, without objection by plaintiffs. The weighing is conducted by railroad personnel for the sugar company, on weighing facilities wholly owned by the sugar company, which supervises the operation.

Plaintiffs testified to extreme noise and vibration from the weighing operation, objectionable only after the

move to the new location. The noise was said to go on day and night, to be audible over a television set and air conditioner, and to interfere with normal household activities, entertainment, and sleep. Structural damage to plaintiffs' homes and out-buildings was attributed to the vibration of the operation. The evidence showed that as of June 30, 1973, almost 24,000 railroad cars had been weighed at the new station adjoining plaintiffs' property.

The jury found that a nuisance existed and that all operations of the weighing station at the new location should be enjoined. The trial court framed an order requiring that the weigh station not be relocated any closer to plaintiffs' homes than the original location some 800 feet away. Defendants then brought this appeal.

1. Defendants' Enumeration 1, complaining of the denial of their motions for new trial and judgment notwithstanding the verdict, asserts that defendants were entitled to a verdict as a matter of law, a position grounded primarily in *Ga. R. & Bkg. Co. v. Maddox,* 116 Ga. 64 (42 SE 315) and similar cases. See *Delta Air Corp. v. Kersey,* 193 Ga. 862 (20 SE2d 245, 140 ALR 1352). Those cases show that the general rules that "A nuisance is anything that works hurt, inconvenience, or damage to another; . . ." (Code § 72-101), and that a nuisance is "that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable," *Benton v. Pittard,* 197 Ga. 843, 845-46 (31 SE2d 6, 153 ALR 968), are weakened somewhat in application to railroads or other quasi-public facilities, and that with respect to them "it follows that injuries and inconveniences to persons residing near such works, from noises of locomotives, rumbling of cars, vibrations produced thereby, and smoke, cinders, soot, and the like, which result from the ordinary and *necessary,* and therefore proper, use and conduct of such works, are not nuisances, but are the necessary concomitants of the franchises granted." *Ga. R. & Bkg. Co. v. Maddox,* 116 Ga. 64, 77, supra. (Emphasis supplied.)

The evidence failed in two respects to support defendants' contention that this rule required a verdict in their favor. First, the evidence did not show that the weighing operation was performed in the ordinary

conduct of railroading. Instead the evidence plainly showed that the weighing was a part of the operation of the sugar refinery, conducted for its sole benefit in performing its internal procedures to double check the amounts of raw sugar it was receiving, and that this operation was done on the railroad tracks because the company's "warehouse 4" did not have weighing facilities. Therefore, we are not concerned here with the franchised operations of a quasi-public corporation, and the special rule of *Maddox* does not apply. However, even under the *Maddox* rule for which they contend, defendants have not shown that they should prevail, for *Maddox* itself requires for immunity from nuisance that the activity shall be "necessary" and points out that what is merely a matter of convenience to the railroad company is not a necessity and may constitute a nuisance: "The evidence, then, shows that . . . [switching] is carried on, on Sundays, more as a matter of convenience to the railroad companies than of necessity, and, therefore, is done unnecessarily. The exception usually made in favor of works of necessity on Sundays does not embrace work which is merely convenient but not necessary. [Cit.] Consequently, what is done in this regard unnecessarily is a nuisance." 116 Ga. 82. The evidence at trial clearly authorized the jury to conclude, as they evidently did, that the sugar company elected to move the weighing operation to the rear of the plaintiffs' homes because the new location offered a longer stretch of track on which to line up cars before and after weighing, allowing personnel to work with a longer "cut" of cars for a more efficient and convenient operation. This did not show, nor did any evidence show, that the new location was necessary. The performance of a lawful act, which is not in itself a nuisance, may become so because of its location. This is the definition of a nuisance per accidens, *Camp v. Warrington,* 227 Ga. 674 (182 SE2d 419); *Holman v. Athens Empire Laundry Co.,* 149 Ga. 345, 349 (100 SE 207, 6 ALR 1564); *Gatewood v. Hansford,* 75 Ga. App. 567, 570 (44 SE2d 126), and the jury were authorized by the evidence to find that such a nuisance existed. "Where the pleadings and the evidence clearly show the existence of a continuing nuisance, the jury's

verdict for the plaintiff is fully authorized." 23 Encyc. Ga. Law, Nuisances, § 100 (1974). Accord, *Griffith v. Newman*, 217 Ga. 533, 540 (123 SE2d 723, 2 ALR3d 956).

One last note on this point is that defendants' contention that the weighing of the cars was itself silent and the only noise was normal railroad switching noise, is unpersuasive. The evidence showed that the weighing operation required an amount and kind of switching multiplied many times over that normally required for the handling of cars.

2. What has been written above is sufficient also to answer defendants' Enumeration 3 which complains of the trial court's failure to give a requested charge[1] to the jury based on the *Maddox* case.

The evidence did not authorize the requested charge, which assumed a fact which was for the jury's determination — whether this was an essential part of a railroad operation. There was no error in refusing this charge.

3. Enumeration 2 complains that over defendants' objection plaintiffs were allowed to introduce at trial a tape recording of the sounds of the weighing operation. The recording was made by Alberta Collins, wife of plaintiff Collins, at approximately 6:00 p.m. on the Collins property. After a foundation for admissibility had been laid by testimony that she was familiar with the operation of the recorder and had used it before and

---

[1] The charge requested was: "The Railroad and the Sugar Refinery cannot be required to relocate their operations. Their present operations are upon property which has been dedicated for many years to railroad operations and is in a long established industrial district. Their facilities are essential parts of their lawful business operations. If the operations bother occupants of adjoining dwellings, they would clearly bother persons wherever they might be put, even in the woods or in a field, as soon as the owners of the adjacent property build houses on their land. The old rule that coming to a nuisance will prevent a person so coming from making any complaint has long since been exploded."

found its recording accurate; that it recorded onto a cassette and not a tape spool and therefore could not be manually unwound; that she had personally taped the weighing noise remaining in attendance on the machine until the operation was completed; that she had immediately placed the cassette in her pocketbook and kept it there prior to trial; the trial court ruled that the tape could be played to the jury, and instructed the jury that the sounds were demonstrative only and they should give the recording whatever weight they desired.

Defendants argue that the only Georgia standard with reference to the admissibility of recordings is set forth in *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207 (88 SE2d 167), and that of the requirements there enumerated, plaintiffs' recording fails to meet the third, which is that the authenticity and correctness of the recording must be established. Defendants urge that no witness clearly identified the sounds on the tape recording as those actually made by defendants' operation. Review of the transcript reveals that the tape noise was clearly acknowledged by Mrs. Collins as the noise she heard in her home, and defendants' objection running to the mere wording of the acknowledgment is without merit.

Defendants further argue that the requirements of *Solomon,* concerning a voice recording, are inadequate to insure the fidelity and accuracy of a noise recording such as this, and they ask us in considering this question of first impression in Georgia to lay down a set of guidelines including a requirement for expert witness testimony concerning the general capabilities of the recording device employed.

We hold that the requirements of the *Solomon* case are adequate to determine admissibility of sound recordings such as this. *Solomon* required as a proper foundation for admissibility of a recording, that (1) it must be shown that the device was capable of taking testimony (for which we interpolate here "noise of the type attempted to be recorded"); (2) it must be shown that the operation was competent; (3) the authenticity and correctness of the recording must be established; (4) changes, additions or deletions must be ruled out; (5) the

manner of preservation of the record must be shown; (6) speakers must be identified; (7) it must be shown that the testimony was elicited freely and without duress. Naturally, 6 may be and 7 clearly is irrelevant to a noise transcription.

Despite the fact that this is a question of first impression in Georgia, there is nothing new or unusual about admitting demonstrative evidence in the form of sound recordings of things other than the human voice. "It is generally accepted that a sound recording of competent and material evidence can be admitted during a trial provided that a proper foundation is prepared." Comment, Video Tape, 5 Ga. S. B. J. 393-399 (1969). "Recordings of . . . sounds of various kinds, are admissible in evidence, subject, of course, to the general rules relating to hearsay, best evidence, relevancy, privilege and the like, and subject to proper authentication by foundation testimony." 3 Jones, Evidence, p. 44, § 15.15 (6th Ed. 1972). Methods of authentication are discussed in Conrad, Magnetic Recordings in the Courts, 40 Va. L. Rev. 23, 34-35 (1954). We find no support in the authorities for any requirement for an expert witness. The problem with recording sounds is one of credibility and integrity of the operation (id., pp. 33-34), and in this as in other evidentiary questions, cross examination of the operator is suited to enabling the fact finder to determine questions of credibility.

The introduction of sound recordings similar to that before us was sanctioned in the following cases: Andresen v. Clear Ridge Aviation, Inc., 9 FRD 50 (D. Neb. 1949) (sound film used to demonstrate airplane noise in action to enjoin airport operation); Ragusa v. American Metal Works, 97 S. 2d 683 (La. 1957) (recording of noise from defendants' plant introduced in nuisance action); Wilms v. Hand, 101 Cal. App. 2d 811 (226 P2d 728) (1951) (recording of barking dogs); Frank v. Cossitt Cement Products, 197 Misc. 670 (97 NYS2d 337) (1950) (factory noise penetrating plaintiff's bedroom); Boyne City, G. & A. R. Co. v. Anderson, 146 Mich. 328 (109 NW 429) (1906) (phonographic recording admitted of noise of railroad trains adjacent to a hotel). In none of these cases with the possible exception of Ragusa, the report of which

indicates that a technician made the recording, was there any suggestion that expert testimony was required for authentication. Moreover, a survey of the various jurisdictions shows that it is "almost universally" held that such recordings are admissible, and that the proper foundation for their admission requires only the elements set forth in the *Solomon* case. See Annot., Admissibility of Sound Recordings in Evidence, 58 ALR2d 1024, § 2 (1958).

There is no merit in defendants' enumeration of error on this point.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED JUNE 10, 1974 — DECIDED SEPTEMBER 6, 1974 — REHEARING DENIED SEPTEMBER 24, 1974.

*Hall & Bloch, Ellsworth Hall, Jr., Miller, Beckmann & Simpson, Lamar W. Davis, Jr., John B. Miller,* for appellants.

*Reginald C. Haupt, Jr.,* for appellees.