42691. GALAXY CARPET MILLS, INC. v. MASSENGILL et al.

(338 SE2d 428)

MARSHALL, Presiding Justice.

The plaintiffs-appellees are homeowners living in close proximity to a carpet dye plant operated by the defendant-appellant. The evidence shows that the area is predominantly residential and that the plant operated for approximately 12 years without any problems. However, in January of 1983 the appellant began operating coal-fired boilers for the production of energy at the plant, and these boilers have emitted large amounts of soot and ash, and created loud and offensive noises, greatly interfering with the appellees' use and enjoyment of their property. This suit was instituted by the appellees to enjoin operation of the boilers as a nuisance, and to obtain damages. The jury returned a verdict in favor of the appellees. The appellant appeals.

1. First, the appellant argues that the trial court erred in denying its motion for directed verdict, in that the appellant is operating the boilers under a permit issued by the Environmental Protection Division of the Department of Natural Resources under the Georgia Air Quality Control Act of 1978, OCGA § 12-9-1 et seq. This permit establishes the permissible emission rate for particulate matter, and the permissible opacity of visible emissions, from the boilers. On essentially two grounds, the appellant argues that insofar as its coal-fired boilers are being operated in compliance with the conditions established in its permit, they cannot be adjudged a nuisance.

First, the appellant relies upon the rule that, "[t]hat which the law authorized to be done, if done as the law authorized it to be done, can not be a nuisance (*Bacon v. Walker,* 77 Ga. 336; *Ga. Railroad & Banking Co. v. Maddox,* 116 Ga. 64 (4), 42 SE 315; *City Council of Augusta v. Lamar,* 37 Ga. App. 418 (2), 140 SE 763) . . ." *Elder v. City of Winder,* 201 Ga. 511, 512 (2) (40 SE2d 659) (1946). However, this rule is more accurately stated in *Bacon v. Walker,* supra, as being that, "[n]othing that is legal in its erection can be a nuisance *per se.*" 77 Ga. at p. 336 (a). But, "[a] principle applied in numerous cases is that a lawful business may, by reason of its location in a residential

area, cause hurt, inconvenience, and damage to those residing in the vicinity and become a nuisance per accidens (a nuisance by reason of circumstances and surroundings), against which an injunction will be granted. *Coker v. Birge*, 9 Ga. 425, 428 (54 AD 347); *Ponder v. Quitman Ginnery*, 122 Ga. 29 (49 SE 746); *Holman v. Athens Empire Laundry Co.*, 149 Ga. 345 (100 SE 207, 6 ALR 1564); *Benton v. Pittard*, 197 Ga. 843 (31 SE2d 6, 153 ALR 968); *Poultryland, Inc. v. Anderson*, 200 Ga. 549, 556 (37 SE2d 785); *Miller v. Coleman*, 213 Ga. 125, 128 (97 SE2d 313)." *Griffith v. Newman*, 217 Ga. 533, 537 (123 SE2d 723) (1962).

Second, the appellant relies upon cases exemplified by *Ga. R. &c. Co. v. Maddox*, 116 Ga. 64, supra, as holding that vibrations, soot, smoke, and the like which result from the ordinary and necessary operation of a lawful business, are not nuisances.

In the *Maddox* case, it was held that where the location and operation of a railroad terminal yard were specifically authorized by the legislative grant of a franchise, "injuries and inconveniences to persons residing near such works, from noises of locomotives, rumbling of cars, vibrations produced thereby, and smoke, cinders, and soot, and the like, which result from the ordinary and necessary, and therefore proper, use and conduct of such works, are not nuisances, but are the necessary concomitants of the franchises granted." 116 Ga. at p. 77. However, the court in *Maddox* went on to hold that the injurious consequences of the operation of a lawful business can be adjudged a nuisance in "other cases of lawful business not partaking of a public nature and not having legislative sanction." Id. at p. 78.

2. The appellant also argues that its motion for directed verdict should have been granted on the ground that the appellees have an adequate remedy at law, in that they could challenge the issuance of the permit to operate the boilers, as well as noncompliance therewith, in administrative proceedings before the Environmental Protection Division of the Department of Natural Resources.

In accordance with our holding in Division 1 that a lawful business may become a nuisance per accidens by reason of its location, it follows that emissions from the appellant's coal-fired boilers might be within the particulate-matter and opacity requirements of the appellant's permit and nonetheless constitute a nuisance as to the appellees by reason of the fact that the pollutants are being deposited on their property. In addition, in this suit the appellees are complaining of noise pollution, and accompanying vibrations, as well as air pollution. Therefore we conclude that administrative proceedings before the Environmental Protection Division of the Department of Natural Resources do not provide the appellees with an adequate remedy.

In a similar case, this court held that the Georgia Water Quality Control Act (OCGA § 12-5-20 et seq.) "does not undertake to alter

the general rules of law in regard to private nuisances, and will neither aid nor hinder a private individual in an action to enjoin a nuisance." *Bell Industries, Inc. v. Jones*, 220 Ga. 684, 688 (141 SE2d 533) (1965).

3. Finally, the appellant argues that the trial court erred in permitting the jury to hear a tape recording of the noise from the boilers, which recording was made by one of the appellees at his home. The appellant complains that there was no proper foundation for introduction of this tape recording in accordance with the requirements of *Solomon v. Edgar*, 92 Ga. App. 207 (3) (88 SE2d 167) (1955).

The question for decision in the *Solomon* case involved a dictaphone recording of one party's answers to questions propounded by counsel for the opposite party. Although at that time there was no Georgia decision dealing with this point, the Court of Appeals, looking to cases from other jurisdictions, set out various requirements to be met in laying a proper foundation for the introduction of such evidence.

In *Central of Ga. R. Co. v. Collins*, 232 Ga. 790 (3) (209 SE2d 1) (1974), the plaintiffs were homeowners bringing a suit which alleged that a railroad-car-weighing operation conducted immediately behind their homes constituted a nuisance. The defendants challenged the introduction of a tape recording of the noise created by the weighing operations, which recording had been made by the wife of one of the plaintiffs. In rejecting the argument that expert testimony was necessary in order to establish the general capabilities of the recording device employed, this court held that, "[t]he problem with recording sounds is one of credibility and integrity of the operation . . . , and in this as in other evidentiary questions, cross examination of the operator is suited to enabling the fact finder to determine questions of credibility." 232 Ga. at p. 795.

In this case, as in *Collins*, the person making the recording testified that the tape recording fairly represented the noise, and the person making the recording was subject to cross-examination. In addition, in this case the jury was allowed to visit the scene in order, in the words of counsel for the appellant, "to see and hear" the operation of the boilers for themselves.

Under all of these circumstances, we find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 1986.

*Mitchell, Coppedge, Wester, Bisson & Miller, James H. Bisson III,* for appellant.

*James H. Lohr, Renzo S. Wiggins,* for appellees.