S98A1828. WIGGIN v. HORNE et al.
(512 SE2d 247)

HUNSTEIN, Justice.

This appeal is from the trial court's grant of summary judgment to appellees Robert and Christine Horne. Appellant, George Wiggin, contends that the grant of summary judgment was improper because

---

[7] 1985 Zoning Resolution of Gwinnett County, rev. July 1996, § 1308.
[8] Id.
[9] Id. at § 1308A.
[10] Id. at § 1705 (2).

there remain genuine issues of material fact concerning his claims of nuisance and fraud and because there exists a boundary line dispute. Finding no issue of material fact which would preclude summary judgment in favor of the Hornes, we affirm the judgment of the trial court.

1. The Hornes own Pike County real property for which the county granted them a special exception to build a private air strip in 1986. Wiggin purchased real property surrounding the Hornes' property in 1990. In 1992, Pike County approved the Hornes' application to build a "fly-in" subdivision on their property. Wiggin thereafter filed suit against the Hornes, among others, alleging fraud, nuisance, and encroachment on his property, and seeking to settle an alleged property line dispute.

According to his own deposition testimony, Wiggin purchased his property in 1990 with full knowledge of the air strip and planes landing on the air strip. Accordingly, his nuisance claim is barred as he may not complain about conditions existing upon the property at the time of purchase. Moreover, there is no evidence of a nuisance related to the proposed subdivision. Although Wiggin argues he is entitled to injunctive relief because the proposed subdivision and increased air traffic will cause a future nuisance, no such injury exists at this time. "Allegations of mere speculative or contingent injuries, with nothing to show that in fact they will happen, are insufficient to support a prayer for injunctive relief." *Powell v. Garmany*, 208 Ga. 550, 551 (1) (67 SE2d 781) (1951); see OCGA § 41-2-4 (issuance of injunction where nuisance about to commence). Summary judgment in favor of the Hornes was properly granted on this issue.

2. We agree with the trial court that there is no evidence in the record to support Wiggin's fraud claim and, thus, summary judgment was properly entered in favor of the Hornes.

3. Wiggin argues that there exists a genuine dispute regarding the location of the boundary line between his property and the Hornes' property. Our review of the record demonstrates that there is no evidence in the record from which a fact finder could identify the disputed boundary. Wiggin's reference in his deposition to a 1979 land survey is insufficient to create an issue for trial as the survey does not identify a disputed boundary and Wiggin fails to provide any explanation as to where the disputed boundary lies. In the absence of any evidence giving rise to a triable issue, the trial court properly granted summary judgment on this claim. See OCGA § 9-11-56 (e).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED FEBRUARY 26, 1999.

*Dillard & Galloway, George P. Dillard, G. Douglas Dillard,* for appellant.

*Newton M. Galloway & Associates, Newton M. Galloway, Dean R. Fuchs,* for appellees.